STATE v. GARVIN.

1. CHARGE—LARCENY.—Charge of the Judge in this case held to sustain the usual definition of larceny—the felonious taking and carrying away the personal goods of another, of the value of twenty dollars or upwards, with the view to steal the same.
2. LARCENY—PRESUMPTION.—When stolen goods are found in the possession of a party, the law presumes him guilty of the theft.
3. CHARGE.—It is not prejudicial to the defendant, under the evidence in this case, for the Judge to refer to the owner of the stolen property at one time as "Mrs. E. A. Sanders," and at another as "Mrs. Sanders."
4. IBID.—NEW TRIAL.—The fact that the Judge gave a faulty reason for a sound legal proposition is no ground for reversal.
5. EVIDENCE—ALLEGATION AND PROOF.—There was some evidence in this case to show that the stolen property belonged to the alleged owner.

Before ALDRICH, J., Colleton, February, 1896. Affirmed.

Indictment against H. R. Garvin for stealing a lot of sheep belonging to Mrs. E. A. Sanders. The defendant was convicted. The following is the charge of the Circuit Judge:

The defendant, H. R. Garvin, is indicted for larceny of

live stock, to wit: the stealing of twenty sheep, of the aggregate value of $40, alleged to be the proper goods and chattels of Mrs. E. A. Sanders. It is incumbent upon the State to prove to your satisfaction, and beyond a reasonable doubt, every material allegation contained in the indictment. The law generally is fixed and certain in its scope and character. It is intended to reach all classes of citizens who violate it. It makes no difference as to their standing, social, financial or in any other respect, and if they have violated the law, and the State proves it beyond a reasonable doubt, they are as amenable to the law and to be punished, ordinarily, as the humblest man who violates the law. It knows no distinction. Larceny is the taking and carrying away the goods and chattels of another. This offense charged is under a statute, or partially under a statute, which makes the stealing of live stock a crime, and grand larceny is where the property stolen is above the value of $20. It is incumbent upon the State to prove that the prisoner at the bar took and carried away the sheep described in the indictment, and that his purpose in taking and carrying away those sheep was fraudulent, and that he intended to steal. Among the allegations in this indictment, the State alleges that the sheep were the property of Mrs. E. A. Sanders. That is a material allegation, and the State must prove it; because if Mrs. E. A. Sanders is the owner of the sheep, and the defendant, under the testimony, did not steal them, then it would bar a prosecution by some one else for the larceny of the same sheep; because if they were Mrs. E. A. Sanders', no one else could prosecute him as stealing their property. So if the evidence shows that the sheep in this case were not the property of Mrs. E. A. Sanders, then the State has failed to prove a material allegation.

One of the distinguishing and perhaps the greatest difference between a taking and a carrying away to make it larceny, and a taking and carrying away to make it a trespass, is the intent with which those acts are done. It is not every taking and carrying away that is a larceny. It becomes

larceny when that taking and carrying away is with a fraudulent intent—that is, a purpose to steal. If, to illustrate, a man should take and carry away some article of property under an honest belief that it was his property, or that he had a right to remove it, or if he should take and carry away some article of property for any other purpose than the intent to steal it, it would not be larceny, it would be trespass. If, however, he took and carried away the property with a felonious intent, to steal it, to deprive the true owner of that property, illegally and wrongfully to convert it to his own use, then it is a larceny, and you must find the defendant guilty in such a case.

There is one other phase of the law, which is this: that when property is found traced to the possession of a man recently after a theft has been committed, then the burden of the proof is upon that man to account for how he got possession of the property, or how he got it under his control and into his possession; and if he refuses to give an account, or gives an untrue account of the way in which he got control or possession of the property, then in law the presumption is that he is the thief, and it would warrant a conviction of larceny if that fact was proven. Now the possession of stolen goods, and requiring a man to account soon after the loss of those goods, is reasonable. If a man is in possession of stolen goods, recently after having been stolen, and he is called upon to account for it, if he came by them honestly, he can tell very easily where he got them, and how he got them, and explain it, and the possession would be no evidence of his guilt. But if he could not give an account, and refuses to give an account, or give an account which under the evidence in the case you really believe to be untrue, then in such a case the possession of the stolen goods would presume that he stole them, and the jury would be warranted in convicting upon such testimony.

I cannot express any opinion as to the facts of this case; I am prevented from charging you in reference thereto, or even refer to these facts. You are the judges of those. I

am the judge of the law, and am to charge you what the law is. If the State has made out to your satisfaction that this man stole those sheep—took them and carried them away with a felonious intent; that these were the sheep of Mrs. Sanders; that they were above $20 in value; and they prove it to your satisfaction beyond a reasonable doubt, your verdict will be guilty. The defendant is entitled to the benefit of any reasonable doubt in the case, and if the State has failed to prove its case and beyond a reasonable doubt, why then the defendant is entitled to a verdict of not guilty.

The jury having found a verdict of "guilty," a motion in arrest of judgment and for a new trial was made, on the ground that there was no proof to sustain the allegation of ownership, as laid in the indictment. The motion was refused and the defendant sentenced, and appeals from the judgment on the following exceptions, the first two having been abandoned at the hearing:

3. Because the presiding Judge erred in charging the jury that "Larceny is the taking and carrying away the goods and chattels of another."

4. Because his Honor erred in charging the jury: "It is incumbent upon the State to prove that the prisoner at the bar took and carried away the sheep described in the indictment, and that his purpose in taking and carrying away those sheep was fraudulent, and that he intended to steal;" whereas, it is respectfully submitted, this is not the definition of larceny.

5. Because his Honor erred in defining the offense in this, that he charged the jury: "One of the distinguishing and perhaps the greatest difference between a taking and a carrying away to make it larceny, and a taking and a carrying away to make it trespass, is the intent with which those acts are done. It is not every taking and carrying away that is a larceny. It becomes larceny when that taking and carrying away is with a fraudulent intent, that is a purpose to steal. If, to illustrate, a man should take and carry

away some article of property under an honest belief that it was his property, or that he had a right to remove it, or if he should take and carry away some article of property for any other purpose than the intent to steal it, it would not be larceny, it would be trespass. If, however, he took and carried away the property with a felonious intent, to steal it, to deprive the true owner of that property, illegally and wrongfully to convert it to his own use, then it is larceny, and you must find the defendant guilty in such a case." Whereas it is respectfully submitted that the crime of larceny is not therein properly defined.

6. Because his Honor, the presiding Judge, erred in charging the jury as follows: "There is one other phase of the law, which is this, that when property is found traced to the possession of a man, recently after a theft has been committed, then the burden of proof is upon that man to account for how he got possession of the property, or how he got it under his control or into his possession, and if he refuses to give an account, or gives an untrue account of the way in which he got control or possession of the property, then, in law, the presumption is that he is a thief, and it would warrant a conviction of larceny, if that fact were proven. Now the possession of stolen goods and requiring a man to account soon after the loss of those goods, is reasonable. If a man is in possession of stolen goods, recently after having been stolen, and he is called upon to account for it, if he came by them honestly, he can tell very easily where he got them and how he got them, and explain it, and the possession would be no evidence of his guilt. But if he could not give an account, or refused to give an account, or gave an account which under the evidence in the case you really believe to be untrue, then in such a case the possession of the stolen goods would presume that he stole them, and the jury would be warranted in convicting upon such testimony."

7. Because the indictment alleging that the property belonging to Mrs. E. A. Sanders, and the testimony tending to show that the property alleged to have been stolen be-

longing to Mrs. Elvira Sanders, or Mrs. Alvira Sanders, or Mrs. B. K. Sanders, the Court properly instructed the jury that to warrant a conviction the State must have shown that the sheep were the property of Mrs. E. A. Sanders, and that the Court erred in modifying said charge, in afterwards instructing the jury that if "these were the sheep of Mrs. Sanders," under the conditions named, they should convict.

8. Because the presiding Judge, after correctly charging the jury: "Among the allegations in this indictment, the State argues that the sheep were the property of Mrs. E. A. Sanders. That is a material allegation, and the State must prove it," erred in modifying such instructions as follows: "Because, if Mrs. E. A. Sanders is the owner of the sheep, *and the defendant under the testimony did not steal them,* then it would bar a prosecution by some one else for the larceny of the same sheep;" thus limiting the application of the principle of law first announced to a case, where the defendant *did not* commit a larceny; whereas it is respectfully submitted that the same rule applies, whether the defendant did or did not commit a larceny.

9. Because the presiding Judge erred in refusing defendant's motion in arrest of judgment and for a new trial, on the ground that there was no proof that the property described in the indictment belonged to Mrs. E. A. Sanders.

*Messrs. Murphy, Farrow & Legare,* for appellant, cite: *Charge:* Con. of 1895, art. 5, sec. 26; 31 S. C., 238; 29 S. C., 108. *Presumption arising from possession:* 7 Rich., 503. *Allegation and proof:* 15 Rich., 40; 2 Hill, 287; 4 McC., 16; 2 Hill, 382; 5 Rich., 512; 16 S. C., 14; 19 S. C., 489.

*Solicitor Bellinger* and *Messrs. Howell & Gruber,* contra, cite: *Presumption arising frnm possession:* 7 Rich., 497; 3 Brev., 514. *Allegation and proof:* 2 Bail., 70; 3 Rich., 70.

Feb. 6, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. H. R. Garvin was tried at the February, 1896, term of the Court of General Sessions for Col-

leton County, in this State, before his Honor, Judge Aldrich, and a jury, upon an indictment for grand larceny, was found guilty by the jury, and, after judgment, appealed to this Court. At the hearing in this Court the first two grounds of appeal were abandoned, thus leaving the remaining seven grounds for our consideration. The report of the cause must embody these grounds of appeal and the Judge's charge to the jury.

Exceptions 3, 4, and 5 will be considered together. They cannot be sustained for the following reasons: The charge of the Circuit Judge, when viewed as a whole, clearly sustains the usual definition of grand larceny, viz: the felonious taking and carrying away the personal goods of another of the value of $20 or upwards, with the view to steal the same. For instance, at one place in the charge he says: "This offense (larceny) charged is under a statute which makes the stealing of live stock a crime, and grand larceny is where the value of the property stolen is above the value of $20. It is incumbent upon the State to prove that the prisoner at the bar took and carried away the sheep described in the indictment, and that his purpose, in taking and carrying away those sheep, was fraudulent, and that he intended to steal." The appellant criticises the use of the word "fraudulent," but when, as in this charge, the presiding Judge adds the words, "that he intended to steal," the meaning the jury were obliged to attach to the word "fraudulent" was necessarily "felonious." The indictment contained the word "felonious," and we will find at another part of his charge the presiding Judge used this language: "If the State has made out to your satisfaction that this man stole those sheep—took them and carried them away with a *felonious* intention;" thus showing that the jury could not fail to understand the offense they were trying from the charge made to them by the presiding Judge. This exception must be overruled.

The sixth exception is intended to point out a supposed error in that part of the Judge's charge (quoted in the ground

of appeal), which shows to the jury the effect in law of a man having in his possession stolen goods immediately after they are stolen. Very clearly the law does impose the duty upon a man, under such circumstances, to explain how he came into possession of such stolen goods. If a man is innocent, it is very easy for him to tell how he became possessed of stolen property. If he declines to do so, or is caught lying when he does explain, the law places a very heavy responsibility upon him. Chief Justice O'Neall, in the case of *State* v. *Kinman*, 7 Rich., 497, quoted this rule, as laid down in 2 East P. C., section 93, at page 656: "It may be laid down generally, that whenever the property of one man, which has been taken from him without his knowledge or consent, is found upon another, it is incumbent upon that other to prove how he came by it; *otherwise the presumption is that he obtained it feloniously.*" Also, it was held, in *State* v. *Bennett*, 3 Brev., 514: "This is a motion for a new trial, on the ground of misdirection in the Judge in stating to the jury that the lapse of time between the loss of the articles stolen and the finding of them, being about two months, was not sufficient to rebut the presumption of guilt arising from their being found in defendant's possession. A legal presumption of guilt always arises from the possession of stolen goods." Of course, all this must be submitted to the jury. The Circuit Judge, in the case at bar, did no more than call to the attention of the jury this presumption; he did not attempt to dictate their verdict. Let this exception be overruled.

As to the seventh exception. Herein appellant alleges that the Circuit Judge erred in this: After having correctly laid down the law to the jury, that, under the indictment, in order to warrant a conviction in this case, it will be necessary for the State to prove that the sheep stolen were the property of "Mrs. E. A. Sanders," the Circuit Judge erred by saying in another place, "if these were the sheep of Mrs. Sanders." We cannot view this matter as seriously affecting the defendant. Indeed, he

could not be prejudiced by the use of this language by the Judge. The prisoner himself, in his testimony, as did every other witness, referred to the prosecutrix as "Mrs. Sanders." After the Judge had specially notified the jury that the State must prove that the property stolen was owned by Mrs. E. A. Sanders, it could not possibly affect their minds by the use of the words, "Mrs. Sanders," that he meant to qualify his explicit direction. This exception is overruled.

As to the eighth exception. The appellant would have us reverse the judgment because, forsooth, after the presiding Judge laid down a sound piece of law, he gave an alleged faulty reason for it. We have time and again declared that we are concerned with the judgments of Circuit Judges and *not* with their reasons for such judgments. Let the exception be overruled.

Lastly, the ninth ground of appeal is based upon the idea that the Circuit Judge failed in his duty, when he declined appellant's motion to arrest the judgment or grant a new trial, because after the Circuit Judge had correctly laid down the law, that it was incumbent upon the·State to prove the allegation of the indictment, that the property stolen was that of "Mrs. E. A. Sanders," there was no testimony before the jury on this subject. Well, we cannot view this matter in the light suggested by the appellant. We have carefully read the brief, and especially the testimony of the defendant on this point. Hear him, when placed upon the witness stand, at folio 245 of the "Case," when his counsel said to him: "You are charged with stealing twenty-eight head of sheep, the property of Mrs. Sanders, in this indictment, valued at $2 a head, please tell the Court and the jury all you know about the sheep. You have heard the testimony of Mr. Remley and Mr. Campbell, you are perfectly conversant with them, being a stock man?" Now clearly the Mrs. Sanders in this indictment is *Mrs. E. A. Sanders*, and it is of this *Mrs. Sanders* the prisoner spoke in his testimony. Then again, in the testimony of "Mr. Remley" and "Mr. Campbell," to which prisoner's counsel

directed his attention, the christian name of Mrs. E. A. Sanders was given as "Elmira" (see folio 128 of the "Case," when Mr. James Campbell speaks, and also see folio 42 of the "Case," when Mr. H. G. Remley speaks of Mrs. E. A. Sanders as "Mrs. Elmira Sanders").  So far as the middle name "A" is concerned, we need no testimony on that matter.  Therefore, there was some testimony before the jury that "Mrs. E. A. Sanders" owned the sheep, as charged in the indictment.  The jury alone could pass upon its sufficiency, and the jury seemed satisfied with that sufficiency, if we may judge by their verdict.  The defendant certainly knew whose property he was charged with having stolen. The defendant has an abundance both in the indictment and in the testimony to base his plea of "*autrefois convict*," if any one else than Mrs. E. A. Sanders should ever seek to hold him accountable for the sheep in question.  This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.