## JONES v. NORRIS.

No. 26377. March 3, 1936.

Rehearing Denied March 24, 1936.

W. F. Schulte, for plaintiff in error.

C. F. Green, for defendant in error.

PER CURIAM. Referring to the parties as they were in the court below, plaintiff, P. A. Norris, filed a suit for foreclosure of a real estate mortgage, and on October 2, 1931, judgment was procured, which included a default judgment against the defendant, I. E. Jones. On August 11, 1934, defendant, I. E. Jones, filed in the case a special appearance and motion to vacate the judgment on the ground that no summons was ever served upon her, and, therefore, the court had no jurisdiction to render judgment against her. On October 2, 1934, said defendant filed an amended motion, which, in substance, was a special appearance and assertion that she was never served with summons in the case, and had not entered her appearance, and that any record showing that summons was served upon her was false and untrue, and that the court, therefore, had no jurisdiction to render judgment against her, and that such judgment appearing of record was voidable for lack of jurisdiction, and that the same should be vacated.

Notices of said motion and amended motion of said defendant were served upon plaintiff and his attorney. Plaintiff's attorney then filed what was termed a special appearance and motion to quash, and in which the court was asked to deny the relief prayed for by the defendant, I. E. Jones, on the ground that the court had no jurisdiction to entertain the motion.

Hearing was had by the court on November 27, 1934, first, upon the motion of the plaintiff to deny the relief prayed for by the said defendant. The court overruled that motion. Announcement was then made to the court by the attorneys for the parties to the effect that they had agreed that if the court overruled said motion of the plaintiff to quash, then the hearing upon defendant's motion and amended motion to vacate the judgment should be passed until December 1, 1934, for the taking of testimony thereon.

The court thereupon took the matter in his own hands and denied the said motion and amended motion to vacate the judgment. Said action of the court was taken upon the stated ground that defendant, I. E. Jones, had entered her general appearance in the case by filing the said motions to vacate the judgment, asking relief on both jurisdictional and nonjurisdictional grounds, which made it the court's duty to deny her motions. This appeal is from that action and judgment of the court.

The trial court fell into error. If the defendant, I. E. Jones, had not been served with process or entered her appearance in the case, the court had no jurisdiction to render default judgment against her. If the lack of jurisdiction had been apparent from the record, the judgment against the defendant not before the court would have been void and subject to attack at any time. It appearing from the record that this defendant had been served with process in order to give the court jurisdiction over her, she had a right, under the declared law of this state, at any time within three years from the date of the judgment, to enter her special appearance and ask for relief by motion to vacate the judgment, and was entitled to be heard by the court with such evidence as she might have in support of her contention that she had never been served with summons. The law places a heavy burden upon the movant in such cases to overcome the presumption that the officer's return of service is correct; nevertheless, the movant is entitled to be heard.

Contention is made that movant was not entitled to be heard for the reason that no showing of meritorious defense was made by the movant. This court has held that such showing is not necessary in case of a motion to vacate a judgment based on extrinsic evidence of no service of process. See Burnett v. Clayton, 123 Okla. 156, 252 P. 397; Mayhue v. Clapp, 128 Okla. 1, 261 P.

144; Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

Contention is also made that this defendant was not entitled to relief upon the filing of a motion, but it was necessary for her to file a petition and have process issued and served upon the plaintiff as provided by section 558, Okla. Stats. 1931, with reference to vacation or modification of judgments on the grounds mentioned in subdivisions 4, 5, 6, 7, 8, and 9, of section 556 of the statute. In George v. Kinard, 84 Okla. 95, 202 P. 503, this court held that relief in a situation such as the one involved herein was properly had under the third subdivision of the said statute, which empowers the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made on account of irregularity in obtaining the judgment or order, but if the judgment or order sought to be vacated is valid on its face, and it be necessary to resort to extrinsic evidence to show the invalidity thereof for want of service of process, the motion to vacate must be presented within three years following the rendition of the judgment or order as provided for by the statute. See, also, Simmons v. Howard, 136 Okla. 118, 276 P. 718.

We, therefore, consider that this defendant was entitled to seek relief by the filing of her special appearance and motion, and the service of proper notice thereof.

Contention is also made that the defendant entered her general appearance by seeking relief on nonjurisdictional as well as jurisdictional grounds. That contention is not valid, as both the motion and the amended motion merely recite that the movant enters a special appearance for the purpose of the motion only, and asks for the vacation of the judgment on the stated grounds that no process was served upon her and the court had no jurisdiction to enter default judgment against her.

The case is reversed and remanded, with directions to the trial court to hear evidence of the parties upon the contention made in the defendant's motion to vacate, and determine therefrom whether the defendant is entitled to the relief asked for by sustaining the burden as required by the law of this state in such cases.

The Supreme Court acknowledges the aid of Attorneys Frank Settle, M. C. Rodolf, and Geo. B. Schwabe in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State

Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Settle and approved by Mr. Rodolf and Mr. Schwabe, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.