## STEPHENS v. ELLISON.

No. 26701.  Dec. 15, 1936.

(Syllabus.)

Davis & Herring, for plaintiff in error.

Twyford & Smith and William J. Crowe, for defendant in error.

RILEY, J. This is an appeal from an order denying motions of plaintiff in error to vacate a default judgment entered against plaintiff in error and in favor of defendant in error. The judgment was entered October 29, 1934.

Three separate motions to vacate were filed, March 26, April 4, and April 13, 1935, all after the term in which judgment was rendered. The motions were heard together and overruled, and Stephens appeals.

The principal ground relied upon is that the judgment is void because the summons issued and served upon defendant, Stephens, was not dated. The date as shown thereon was "this __ day of September, 1934." In all other particulars the summons was regular.

Service of the summons is not disputed.

The statute, section 166, O. S. 1931, provides: "The summons * * * shall be dated the day it is issued." Such statutes are generally held to be directory only. Mitchell v. Morris Canal Co., 31 N. J. L. 99; Swan v. Roberts, 2 Cold. (Tenn.) 153.

The date of a writ is not a material part of it. The entire omission thereof does not invalidate the writ.

A statutory requirement as to the date of process is directory and not mandatory. 50 C. J. 455; Rogers v. Farnham, 25 N. H. 511; Lyle v. Longley, 6 Bax. (Tenn.) 286; Ambler v. Leach, 15 W. Va. 677.

Another ground relied upon is that plaintiff was permitted to amend his petition by bringing in another party on the day judgment was entered against defendant, Stephens, and while he was in default.

The amendment allowed in no way affected the defendant, Stephens. It was not essential to support the judgment against him, and was immaterial as to said defendant. It was allowed by the court after or at the same time judgment was entered against defendant. In such circumstances defendant, Stephens,

was not affected by the amendment, and the allowance and filing thereof did not affect the order declaring Stephens in default and did not give him additional time in which to plead as a matter of right. Cole v. Roebling Const. Co. (Cal.) 105 P. 255; Smith v. Born (Cal.) 30 P. 1024.

Next, it is contended that the judgment was void because the petition wholly failed to state a cause of action against defendant, Stephens.

The contention is entirely without merit. The petition stated a good cause of action against him and was sufficient to sustain the judgment.

The appeal is without substantial merit and is one apparently taken for delay.

Judgment affirmed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.