## GAUDER v CANTON PROVISION CO et

Ohio Appeals, 9th Dist, Summit Co

No 2783. Decided April 7, 1937

W. E. Pardee, Akron, and B. K. Manning, Akron, for appellant.

Amerman & Mills, Canton, and Wells & Gaylord, Akron, for appellee The Canton Provision Co.

## OPINION

By WASHBURN, J.

The record, including the original papers on file in this case, discloses that Annabelle Gauder, a minor, brought, by next friend, a joint action against Albert J. Kwiecinski, a retail dealer residing in Summit County, and the Canton Provision Co., an Ohio manufacturing corporation, having its principal office in Stark County.

In said action, Annabelle Gauder, who will hereinafter be referred to as appellant, sought to recover damages caused, as she claimed, by the eating of unwholesome food manufactured by said provision company in Stark County, and sold by said Kwiecinski to appellant's mother; said sale having been made at Kwiecinski's retail store in Summit County.

A summons issued to Kwiecinski was served upon him by the sheriff of summit County, and a summons issued to the sheriff of Stark County was served by him upon said provision company by delivering a copy of said summons to the secretary of said company. Said provision company filed a motion, in which it disclaimed its intention to enter its appearance, and in which it asked the court to quash the service of summons upon it because the action was not properly brought against it in Summit County; the claim being that said defendants were improperly joined.

The question involved in said motion was decided by the Supreme Court, where it was determined that said motion was properly sustained because it appeared upon the face of the petition that said Kwiecinski and said provision company were not jointly liable in said action.

**The Canton Provision Co. v Gauder, a minor, 130 Oh St 43.**

No amended petition has been filed, and, for the purpose of determining the question before this court, the case **must be considered as if there were but one defendant,** and that defendant the provision company, a corporation having its principal office and place of business in Stark County.

After said decision by the Supreme Court, appellant caused a summons to be issued to the sheriff of Summit County, which was served upon the Canton Provision Co. by delivering, in Summit County, a certified copy of said summons to a resident of Summit County as agent of said provision company, and by delivering, in Summit County, another certified copy to a person not a resident of Summit County, but who, it was

claimed, was also an agent of said provision company.

In a motion subsequently filed by the provision company, and in which it disclaimed any intention of entering its appearance, the court was asked to set aside and quash said service of summons for the reason that said pretended service of summons conferred no jurisdiction over the person of said provision company.

Upon hearing had upon said motion, the court quashed said service "for the reason that the attempted service was made upon N. C. Murphy and Bert Slevin, who were **not managing agents** of the Canton Provision Co. at the time of service."

No appeal was taken from that decision, but thereafter, appellant caused a summons to be issued to the sheriff of Stark County which was by him served upon the provision company by delivering a copy to the secretary of said company, which summons and service, except as to dates, was the same as the original summons which was served upon the provision company, and which the Supreme Court decided was properly quashed.

After the summons last served upon the provision company was returned, the provision company filed a motion, in which it disclaimed any intention of entering its appearance, and in which it asked the court to set aside and quash the last service of summons. That motion was sustained, and an appeal on questions of law was taken from such ruling to this court; and that appeal is now before this court.

In justification of the claim that the last service of summons upon the provision company by the sheriff of Stark County is authorized by law, counsel for appellant urge that under §11272, GC, the provision company could be properly sued in Summit County although said corporation was not situated in Summit County and did not have its principal office or place of business in Summit County, and although the summons was not served in Summit County upon the president of the company, the chairman or president of the board of directors, or upon any other chief officer of the company, or upon its cashier, treasurer, secretary, clerk or managing agent in Summit County, because said section provides that said company can be sued in any county "in which such corporation has an **office or agent**"; that while said company had no office in Summit County, it did have an agent, and that therefore the action was rightly brought in Summit County; and that, being so rightly brought, summons could be issued and served upon the company in Stark County under the provisions of §11282, GC, which provides in part that "When the action is rightly brought in any county, according to the provisions of the next preceding chapter" (which includes said §11272, GC), "a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request."

Two questions are involved in this contention: First, What kind of an agent is included in the provisions of §11272, GC, which provides that a suit against a corporation "may be brought in the county * * * in which such corporation has an office or agent?" and second, Do the provisions of §11282, GC, have any application to a situation where there is but one defendant, and the agent in the county where the suit is brought is not an agent upon whom service of summons is authorized to be made by §11288, GC—in other words, is not a managing agent?

Upon the record in this case, we find that neither of the agents which the provision company have in Summit County are managing agents. That finding was expressly made by the trial court when it quashed the service made upon them under the second summons issued in this case, and we agree with that finding.

As to the first question:

There are statutes applying to special and specific situations which permit a party to be sued in a county where he cannot be served with summons, but the general rule is that every action must be brought in the county in which the defendant resides or may be summoned. §11277, GC.

Did the legislature intend, in the enactment of §11272, GC, to subject a domestic corporation, in a suit brought against it alone, to a suit in any county of the state where it has some sort of an agent, however limited in authority he might be, or did it intend to restrict such suits to the counties where the corporation has such agents as may be served with summonses within those respective counties?

We are of the opinion that §§11272, 11277 **and 11288**, GC, are in pari materia, and should be construed together in determining the character of the agent referred to in §11272, GC, and that, being so construed, the "agent" referred to in §11272, GC, is an agent upon whom service of summons may be made in the county where suit is brought.

We have been unable to find any reported case where it has been claimed that a domestic corporation could be sued by itself in a county where it could not be served with summons, except under special and specific statutes, but the fact that no such claim has been made does not necessarily justify the conclusion that such claim is unfounded. It is of some significance, however, that no such claim has been made, although the provisions of §11277, GC, requiring an action of this character to be brought in a county wherein the defendant could be served with summons, the provisions of §11288, GC, as to how a summons could be served on a domestic corporation, the provisions of §11282, GC, as to when a summons could be properly issued to and served in a county other than the county where the action is brought, and the provisions of §11272, GC, as to where suits could be brought against domestic corporations, have all been in force for more than fifty years, and some of them for seventy-five years.

Where a suit is brought against a domestic corporation in a county where service cannot be made upon the ▮▮▮▮▮ defendant in that county, the only provision (except under special and specific statutes) by which the court can acquire jurisdiction of the corporation in said county is the provision made in §11282, GC, which has been hereinbefore set out.

Did the legislature intend by the enactment of that section to provide that, in a suit against a domestic corporation alone, the court could acquire jurisdiction over the corporation in a county where it could not be served with summons by the officers of such county?

We cannot find any reported case in which such a claim has been ▮▮▮▮▮ made, and we are of the opinion that the legislature did not so intend.

Here again it is significant that, after §11282, GC, in its present form had been in force for many years, the legislature, in providing that a suit against an owner or operator of a motor vehicle, for damages for personal injury caused by the negligent operation of the same, could be brought in the county wherein such injury occurred although the defendant did not reside, and could not be served with a summons, in said county, specifically provided, by §6308, GC, that a summons should be issued to the county of the defendant's residence and be there served upon him, "notwithstanding any contrary provision of law for the service of summons in civil actions." If the construction of §11282, GC, contended for in this action be sound, such special authorization of service in another county was entirely unnecessary.

The cause of action involved in this suit is a statutory action, and under our code is not a local one, nor is it one which must be brought in the county where the cause of action arose, but it is one which, under our code, is transitory in character. Being a transitory action and there being but one defendant, and there being no special statute to the contrary, we are of the opinion that the action must be brought in a county wherein, under the statutes, service of summons can be made upon the corporation in the county where brought; that if not so brought, the action is not commenced within the purview of §11230, GC, and is not "rightly brought"; and that in such a situation §11282, GC, does not authorize summons to be issued to another county for service upon the corporation therein.

So far as the provision company is concerned, it being, under the Supreme Court decision, improperly joined with another defendant, it is, so far as the questions we are considering are concerned, the only defendant, and the action against it was not properly brought in Summit County because service of summons was not had upon it in Summit County.

City of Fostoria v Fox, 60 Oh St 340, at p. 350.

Our conclusion is that the trial court was right in quashing the last service of summons made upon the provision company, and its judgment will therefore be affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.