THE STATE, EX REL. HAWLEY, *v.* INDUSTRIAL COMMISSION OF OHIO.

(Decided April 23, 1940.)

*Messrs. Hadley, Weaver & Vale,* for plaintiff.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. E. P. Felker,* for defendant.

WASHBURN, P. J. This is a mandamus action against the Industrial Commission of Ohio, filed in this court, the Industrial Commission having been served with summons issued to and served by the sheriff of Franklin county; and the matter is before this court upon a motion on behalf of the Industrial Commission to quash the service, entry of appearance on the merits being expressly disclaimed.

The petition sets forth that the relator was injured while working for the B. F. Goodrich Company in this county, that he filed an application for compensation with the Industrial Commission, and that the commission found he was not entitled to further compensation; and the prayer of the petition is that the Industrial Commission be commanded to revoke such finding, and that the commission find for the relator in reference to such matter and pay him compensation.

In opposition to the motion to quash, it is contended by counsel for plaintiff that this action is rightly brought in Summit county—first, because the cause of action or a part of it arose in this county, and, second, that, since it is rightly brought in this county, summons was properly issued to the sheriff of Franklin county and there served upon the Industrial Commission.

As to the first contention, it is conceded that the action was not rightly brought in this county unless the right to bring it was conferred by Section 11271, General Code. That section provides that actions "Against a public officer, for an act done by him in virtue or under color of his office, or for neglect of his official duty"—"must be brought in the county where the cause of action or part thereof arose."

Assuming that the Industrial Commission should be considered as embraced within the term "public officer" as used in such section, did the cause of action set forth in the petition or a part thereof arise in Summit county?

Relator has no action pending in the courts of Summit county or in any court in any other county except the instant action in mandamus.

It is true that the petition alleges that the accident which forms the basis of relator's claim for compensation before the Industrial Commission, occurred in Summit county, but that accident is in no sense the cause of the claimed dereliction of the commission.

The commission has not done anything in Summit county in reference to the accident or the claim of relator.

The commission has its official situs in Franklin county (Sections 1465-42 and 871-6, General Code). There is where, according to the petition, the official dereliction of which complaint is made, occurred, and that is where the official acts sought in this action will be performed if the plaintiff is successful.

We are of the opinion that, under the statutes of Ohio, Franklin county is the official place of business of the Industrial Commission, and that, if its official acts, about which complaint is made in the instant case, gave rise to a cause of action in mandamus against it, the entire cause of action arose in Franklin county, and that is the county in which the action must be brought.

We are, however, urged to hold that the cause of action in mandamus set forth in the petition in this case is not really a cause of action in and of itself—at least, not an original action—but that it is rather a mere remedy growing out of plaintiff's cause of action for compensation based upon his disability caused by an accident which occurred in Summit county, and, being a part of his cause of action for compensation which arose in Summit county, the courts of Summit county, under Section 11271, General Code, have jurisdiction to grant him his remedy.

We disagree with the foregoing claim *in toto.*

The right of an injured employee is such as is given

him under the law in force at the time of the injury, and his claim to compensation is barred if he fails to file application therefor "within two years after the injury." Section 1465-72a, General Code.

While, in a sense, the right to file such a claim for compensation may be said to constitute a "cause of action," it seems more proper to designate it as a cause of proceeding before a commission, which commission is not a court; whatever it may be denominated, it is not a justiciable cause of action. A justiciable cause of action—that is, a civil action provided by the General Code—arises when the commission fails to do its duty (mandamus), or improperly performs its duty (appeal).

The cause of action before the commission is not a civil action, governed by the laws applicable thereto, but such mandamus or appeal actions are civil actions, and, except for some special provisions, are governed by the rules applicable to civil actions. We do not think that such mandamus or appeal civil actions are mere appendages to the right of relator to claim compensation before the commission.

In the case of *State, ex rel. Nichols,* v. *Gregory et al., Industrial Commission,* 130 Ohio St., 165, 198 N. E., 182, the Supreme Court had before it a judgment of the Court of Appeals of Franklin county, dismissing an application for mandamus against the Industrial Commission for want of jurisdiction to hear the same. The original files in the Supreme Court show that the injured employee who was asking for the mandamus, was working for E. H. Heisey & Company, of Newark, Ohio, which is in a county other than Franklin.

In the case of *Industrial Commission* v. *State, ex rel. Nagy,* 116 Ohio St., 735, 158 N. E., 89, the Supreme Court had before it the judgment of the Court of Appeals of Franklin county, granting a writ of mandamus against the Industrial Commission, and in that case the injured employee who obtained the order from

the court in Franklin county, was in the employ of Superior Casting Company, of Dayton, Ohio, also a county other than Franklin.

In the first of these cases, the Supreme Court reversed the Court of Appeals of Franklin county and remanded the cause to that county to exercise its jurisdiction and decide the case; and in the latter case, the Supreme Court recognized that the Court of Appeals of Franklin county had jurisdiction and affirmed the judgment after modification.

While, so far as appears in the record of those cases, nothing was said as to whether the mandamus actions arose in the counties in which the injuries occurred, it seems strange, if the claim of counsel for plaintiff in this action is sound, that the counsel in those cases did not raise the question, and stranger still that the Supreme Court should have rendered the judgments which were rendered in those cases.

We are also of the opinion that counsel for plaintiff are mistaken in the claim that, if the action is rightly brought in Summit county, summons can be properly issued to and served by the sheriff of Franklin county.

Section 11282, General Code, provides that "When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request."

We are of the opinion that that section has no application when there is but one defendant in the case, and he is not sued in the proper county. *Gauder, a Minor,* v. *Canton Provision Co.,* 56 Ohio App., 170, 10 N. E. (2d), 163; *City of Fostoria* v. *Fox,* 60 Ohio St., 340, at page 350, 54 N. E., 370.

The motion to quash service will be granted.

*Motion sustained.*

DOYLE and STEVENS, JJ., concur.