BOARD OF TRUSTEES OF THE FULL GOSPEL TEMPLE v. CITY OF OKLAHOMA CITY ex rel. RAUCH.

No. 31949. Feb. 19, 1946.

*166 P. 2d 91.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Arnold T. Fleig, of Oklahoma City, for defendant in error.

OSBORN, J. This action was brought by the plaintiff, the city of Oklahoma City ex rel. L. M. Rauch, against the board of trustees of the Full Gospel Temple, defendant, on May 8, 1942, to foreclose the lien of past-due special assessments levied upon the church property of defendant to provide for the payment of refunding street improvement bonds owned by L. M. Rauch. Herein the parties will be referred to as they appeared in the trial court No pleadings were filed by defendant and default judgment was entered for plaintiff on July 28, 1943, execution duly issued, and the property sold to plaintiff. On October 28, 1943, defendant filed an application to quash a writ of assistance issued by the court clerk, to cancel the sheriff's deed to plaintiff, and to vacate the sale and judgment. This application was heard and denied, and defendant appeals.

Defendant seeks reversal on six grounds, of which the first, third, fourth, and fifth may be disposed of together. In these it contends that the designation "Board of Trustees of the Full Gospel Temple," without any allegation as to what it was, who composed it, or whether it was a corporation, trust company, or unincorporated association, was not sufficient to sustain the judgment, or to justify the sale of its property thereunder. It also asserts that no service of summons was had upon it, and that the summons showing such service was not properly issued.

The application filed by defendant to vacate the judgment and cancel the sheriff's deed was based upon jurisdictional and nonjurisdictional grounds. Under the settled rule announced by this court in numerous decisions, this constituted a general appearance, and thereby defendant submitted itself to the jurisdiction of the trial court. Richardson v. First Nat. Bank of Seminole, 186 Okla. 203, 97 P. 2d 39. Furthermore, at the hearing held on the application to vacate, the evidence showed that record title to the property was vested in "The Board of Trustees of the Full Gospel Temple", and failed to establish that service of summons was not had upon R. B. Beall, the pastor of the church and chairman of the

board of trustees. Beall was the sole witness produced by defendant, and it is a fair inference from his testimony that summons was served upon him as chairman of the board. This was sufficient to give the trial court jurisdiction. 12 O. S. 1941 § 182. United Brotherhood of Carpenters and Joiners of America v. McMurtrey, 179 Okla. 575, 66 P. 2d 1051, and other cases cited by defendant, in which the personal liability of members of unincorporated associations were involved, are inapplicable.

Defendant next contends that the property is not sufficiently described in the journal entry of judgment to enable the officers executing the judgment to locate the property, in that the property is not shown to be in Oklahoma City, or even in Oklahoma county. The journal entry recites that the action is brought to foreclose assessments to pay refunding street improvement bonds issued by the city of. Oklahoma City, Okla., in refunding street improvement district No. 949, and describes the property as lots 5, 6 and 7, block 16, Capitol Hill addition. It further directs the payment of the judgment to the city treasurer of Oklahoma City, and that he show the payment on his records. This sufficiently shows that the property is in Oklahoma City, Oklahoma. 33 C. J. 1209, § 147.

Defendant also contends that the price paid by plaintiff at the sheriff's sale was grossly inadequate, and so disproportionate to the value of the property that, when considered in connection with irregularities in the obtaining of the judgment, it was and is entitled to have the sale vacated under the rule announced in Long v. Brown, 186 Okla. 407, 98 P. 2d 28. It was stipulated at the trial that on December 1, 1943, there was a total of outstanding taxes and special assessments against the property, including penalties, of approximately $8,000. The only evidence of the value of the property was the testimony of the pastor, Beall, who, in response to a leading question by his counsel, testified that it was worth $10,000. He was not qualified, and his estimate of value was predicated upon his opinion that, at the time he testified, defendant could not build the church building for that amount. Plaintiff, at the sheriff's sale, bid $10 per lot, or $30 for the property, and his bid was the highest and best offered. There is no suggestion that a better price can be obtained if the sale is vacated and another sale had. It is conceded that after deducting from the total taxes and special assessments due on December 1, 1943, the amount of the special assessments canceled by the judgment and sale in the instant case, the purchaser took the property subject to delinquent taxes and special assessments in excess of $5,000. It made no offer to pay plaintiff's judgment, nor any offer of any kind which tended to show that any benefits would result to it or the plaintiff if another sale were had. There is no claim of fraud, accident, or unfairness in connection with the sale proceedings, the specified irregularities being technicalities connected with the taking of the judgment. In view of the above stated facts and circumstances, we conclude that the action of the trial court in refusing to set aside the sale on this ground was not an abuse of discretion.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, CORN, and ARNOLD, JJ., concur.