Harry E. TURNER, Jr., Plaintiff in Error,

v.

BIG FOUR PETROLEUM CO., a corporation, Defendant in Error.

No. 35418.

Supreme Court of Oklahoma.

Sept. 28, 1954.

Busby, Harrell & Trice, Ada, for plaintiff in error.

Jack B. Sellers, Drumright, for defendant in error.

PER CURIAM.

This case comes here by appeal from an order denying a motion to vacate a default judgment. The action was filed by Big Four Petroleum Co., a corporation,

as plaintiff, against Harry E. Turner, Jr., as defendant, and the parties will be referred to as they appeared in the trial court.

By its petition, filed August 28, 1951, plaintiff sought to recover from defendant, as cotenant in an oil and gas leasehold estate, the sum of $4,808.98, his alleged proportionate share of drilling an oil well on the real estate under lease. The action was filed in the District Court of Lincoln County, Oklahoma, and summons was issued to the Sheriff of Pontotoc County, Oklahoma, bearing no date of issuance. It was made returnable on September 2, 1951, and answer day was fixed as September 24, 1951. The return of the Sheriff of Pontotoc County shows receipt of the summons on August 29th and personal service on the defendant on August 31st and its return and filing September 4th. The summons was issued upon praecipe which was not signed but was dated August 25, 1951, or three days before the petition was filed. On September 25, the day following answer day the court clerk received and filed, on behalf of defendant, a special appearance and motion to quash summons. On the following day, September 26, 1951, the court rendered the following judgment:

"Personal service examined and approved: Court finds the allegations of pltf. petition as being true and confessed by virtue of default of deft: Judgment for pltf. in the amount of $4808.06, attorney's fees in the sum of $530.89 and cost of action."

Journal entry thereof was duly prepared and filed the same day.

The defendant, later discovered that default judgment has been rendered against him, and on October 23, 1951, filed a "Motion to Vacate Judgment on Jurisdictional Grounds," alleging:

"1. That the precipe for summons was not signed by the attorney for plaintiff.

"2. That the purported summons is not dated and does not comply with Title 12 Section 155 which requires that a summons to a foreign county

shall not be returnable less than ten days from its date.

"3. That the defendant filed his special appearance and motion to quash the purported summons and service thereof on the 25th day of September, 1951, which was within the time provided by law and was within thirty (30) days from the date the purported precipe for summons was filed on August 28th, 1951.

"4. That the defendant is a nonresident of Lincoln County, Oklahoma, and resides at Ada in Pontotoc County, Oklahoma; that this movant is the sole defendant and that summons was not served upon defendant in Lincoln County, Oklahoma, and this court never acquired any jurisdiction over the person of the defendant.

"5. That no proper summons was issued in said cause, or served upon defendant or return thereof made as provided by law or notice given defendant as required by the rules of this court."

The allegations of the motion have been set out in detail because they embrace all the propositions presented here. On November 21, 1951, after several continuances, the motion was overruled and exceptions taken. From that order, defendant has perfected this appeal.

Our conclusion makes it unnecessary to determine any of the propositions presented other than that set out as the final or No. 5 ground in the motion to vacate judgment as above quoted. The action is one for relief in personam, in no way seeking the recovery of, partition of, or quieting title to, realty or any interest therein, nor seeking the sale of any realty under a lien or incumbrance. It, therefore, is governed by the following statutory enactments, to-wit:

Title 12 O.S.1951 § 139,

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; * * *"

Title 12 O.S.1951 § 154,

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

Although many applications of the above quoted statutes have heretofore been determined by this court, the proposition here presented is one of first impression; namely, the jurisdiction of a district court to render a default judgment in a transitory action wherein the sole defendant was served with summons issued to, and executed in another county. It was held in the case of Harlow Pub. Co. v. Pennel & Harrison, 179 Okl. 360, 65 P.2d 1206, that, under the above quoted provisions of section 154, where an action is rightly brought in any county, summons may be issued to any other county "though there be but a single defendant." That case, however, was one against a domestic corporation, as defendant, and venue was fixed by section 134 of said title 12 of the statutes in any county in the state where the cause of action or some part thereof arose. Nevertheless, it was pointed out in the opinion in that case that the question was one "of venue, but relates nevertheless to jurisdiction which consists of several elements."

The applicable rule here is well stated in 72 C.J.S., Process, § 8, page 998 in the following words:

"Issuance of process to another county is permissible only when the conditions required by the statute exist. Process may not issue to another county where the action is not properly or rightly brought in the county from which the process issues."

Cited in support of those statements are two cases from Ohio. The Ohio statute with reference to the issuance of summons to another county is almost identical to that in this state. But there is no statute there similiar to our section 134, applied in the Harlow Pub. Co. case, supra. With the exception of that section,

much the same situation as in the Harlow Pub. Co. case, supra, was before the Ohio Court in the case of Gauder v. Canton Provision Co., 56 Ohio App. 170, 10 N.E.2d 163, 166. It was there held:

"* * * we are of the opinion that the action must be brought in a county wherein, under the statutes, service of summons can be made upon the corporation in the county where brought; that, if not so brought, the action is not commenced within the purview of Section 11230, General Code, and is not 'rightly brought'; and that in such a situation Section 11282, General Code, does not authorize summons to be issued to another county for service upon the corporation therein."

The subsequent case of State ex rel. Hawley v. Industrial Commission, 64 Ohio App. 271, 28 N.E.2d 654, 657, followed the ruling in the Gauder case, but involved facts much more comparable to those in the instant case. In the Hawley case the court said:

"* * * 'When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request.'

"We are of the opinion that that section has no application when there is but one defendant in the case, and he is not sued in the proper county. * * *"

That is a well reasoned and logical conclusion.

We conclude that the District Court of Lincoln County had no authority, in the case at bar, to issue a summons to the Sheriff of Pontotoc County for service on the defendant. The next proposition is whether or not the question has been properly preserved for review here. The recent case of Summers v. Williams, 206 Okl. 164, 242 P.2d 139, followed the established rule in this jurisdiction, holding that, if a defendant makes a general appearance in an action without prop-

erly objecting to the jurisdiction of the court, he waives any lack of jurisdiction. It was pointed out in the reported case that a simple motion to quash summons did not properly raise the question of jurisdiction over the non-resident defendant. But in that case, there was a resident defendant. Therefore, it was possible to allege a cause of action whose venue was in the county where the action was brought. In the case at bar, however, the sole defendant was a non-resident and the only summons issued was the one to Pontotoc County. No transitory cause of action could be alleged against a sole defendant which would authorize the issue of a summons to another county for service upon him. For that reason the court has no more jurisdiction to render a default judgment against him than if he had not been served with summons in any manner.

■ The only appearance made by the defendant was the motion to vacate the judgment. No affirmative relief was sought. It was a special appearance only, raising jurisdictional questions. The same situation was before this court in the case of Jones v. Norris, 176 Okl. 434, 55 P.2d 984. We there held:

"A motion which merely enters a special appearance and moves to vacate the judgment in so far as it affects the movant, on the ground that no process was ever served upon the movant and that the court was without jurisdiction of his person to enter judgment, does not constitute a general appearance for such movant, so as to give the court jurisdiction over his person, and thereby validate a prior void judgment rendered against him."

The defendant in error confesses that, as to attorney's fees, the judgment should be reversed, but the jurisdictional question above discussed requires that the judgment be reversed and set aside.

It is so ordered.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

JOHNSON, V. C. J., and ARNOLD, J., dissent.

ARNOLD, Justice (dissenting).

This is an action by plaintiff Big Four Petroleum Company, part owner of a certain leasehold estate in Lincoln County and the designated operator of the lease, against defendant Harry E. Turner, owner of a $\frac{5}{32}$nds interest in said leasehold for his pro-rata share of the expenses incurred by plaintiff in drilling, equipping, and producing an oil well on said leasehold estate under an alleged oral agreement of defendant to so participate in such expenses and seeking subjection of defendant's interest in the production therefrom to the payment of such pro-rata share.

Summons was issued directed to the sheriff of Pontotoc County, the residence of the sole defendant in the action. This summons was not dated, though apparently it was issued on the same date the praecipe was filed, on August 28th, and bore return date of September 2nd and answer date of September 24th. This summons was personally served on defendant on August 29th, which was before the return date designated therein. The summons did not give the sheriff, as provided by statute for summons to a foreign county, ten days to make service and return of summons but did give more than 20 days in which to answer from the return date of the summons. This fact does not affect the validity of the summons because the 10-day statute is made for the convenience of the officer; Continental Insurance Co. v. Norman, 71 Okl. 146, 176 P. 211. Nor does the fact that the summons was not dated invalidate it; Stephens v. Ellison, 178 Okl. 390, 391, 63 P.2d 80.

On September 25th, one day after the answer day designated in the summons, defendant filed a "motion to quash" asking that the service be vacated on the usual grounds that the summons was not "issued, served or returned according to law." This motion was never passed on. Thereafter, and on the next day, September 26th, the court entered default judgment against de-

fendant in which judgment the personal service on defendant was approved. On October 23rd defendant filed another motion asking that the judgment be vacated because (1) the praecipe for summons was not signed; (2) the summons was not dated and did not comply with the statutory requirement that summons to a foreign county shall not be returnable less than 10 days from its date; (3) that defendant filed a motion to quash within 30 days from the date the praecipe for summons was filed on August 28th; (4) that defendant was a non-resident and the sole defendant and that venue of the person could not be and was not obtained by the issuance and service of said summons; (5) that no proper summons was issued or return thereof made.

The third ground mentioned in this motion to vacate judgment, to wit: that defendant filed a motion to quash within 30 days from the date praecipe for summons was filed on August 28th, amounts to an allegation that there was irregularity in obtaining the judgment because, as contended by defendant on the hearing on the motion, he had on file a pleading which had not been ruled on at the time the judgment was entered and because the default judgment was entered in violation of the rules of the court. Irregularity in obtaining a judgment or order is the third ground set forth in 12 O.S.1951 § 1031, stating when a district court has power to vacate or modify its judgments. This allegation also invokes ground 7 of said section of the Statutes providing that the district court has power to vacate a judgment for unavoidable casualty or misfortune preventing the party from prosecuting or defending. Neither irregularity in obtaining a judgment or order or unavoidable casualty or misfortune is a jurisdictional ground.

In George O. Richardson Machinery Co. v. Scott, 276 U.S. 128, 48 S.C. 264, 266, 72 L.Ed. 497, a defendant filed a motion to vacate judgment based upon jurisdictional grounds and also alleging that the judgment had been procured by fraud and alleging unavoidable casualty or misfortune. Our court held that by alleging the non-jurisdictional grounds of fraudulent conduct and unavoidable casualty defendant had ended its general appearance. On appeal to the Supreme Court of the United States that court said:

"Since the founding of the state, it has been the settled law of Oklahoma that, where a person against whom a judgment is rendered files a petition to vacate the judgment upon the ground that the court had no jurisdiction of the defendant, and the petition is based also on non-jurisdictional grounds, such as those mentioned in subparagraphs fourth and seventh of section 810 (now 12 O.S. 1951 § 1031, sub-paragraphs 4 and 7) the filing of the petition operates as a voluntary general appearance, with the same effect as if such appearance had been made at the trial."

and it affirmed our court.

One who files a motion to vacate a judgment based on non-jurisdictional as well as jurisdictional grounds thereby enters his general appearance, waives his statutory right or privilege to have the case tried in the county of his residence and submits himself to the jurisdiction of the court. Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1; Jameson v. Harvel, 139 Okl. 39, 280 P. 1080; Knebel v. Rennie, 87 Okl. 136, 209 P. 414; Board of Trustees of Full Gospel Temple v. City of Oklahoma City ex rel. Rauch, 196 Okl. 491, 166 P.2d 91; Young v. Campbell, 160 Okl. 265, 16 P.2d 65; Summers v. Williams, 206 Okl. 164, 242 P.2d 139.

In the case at bar defendant asked for affirmative relief before the question of venue—jurisdiction of the person—was raised. As shown above defendant was not entitled to the relief which he sought. The non-jurisdictional questions raised by this motion to quash or set aside the service on formal grounds was never passed on and judgment was entered as though no pleading had been filed. Thereafter the motion to set aside service on formal grounds, to wit,

"that the summons was not issued, served or returned according to law", was re-iterated and added thereto was a motion to vacate judgment for reason that venue did not obtain. Such a motion under the foregoing decisions is asking for affirmative relief before the issue of venue is raised by a proper pleading. The motion raising the non-jurisdictional question of lack of venue came too late. As was held in Ada-Konawa Bridge Co. v. Cargo, and Summers v. Williams, supra, an objection to the jurisdiction of the court over the person because of lack of venue must be raised at the first opportunity in the first pleading filed, otherwise the objections on the ground of venue of the person are waived and a general appearance is entered.

This is very different from a motion to vacate a judgment, being the first pleading filed, based on the lack of jurisdiction of the person as was the case of Jones v. Norris, 176 Okl. 434, 55 P.2d 984, cited by the majority opinion. In that case a default judgment had been taken against one I. E. Jones in a mortgage foreclosure action; thereafter Jones filed motion to vacate the judgment on the sole ground that no service of summons had ever been had on her; that the court therefore had no jurisdiction of her person, and that as to her the judgment was void. The opinion holds that the basis of her motion is solely on jurisdictional grounds and that by filing the same she did not enter her general appearance. The objection to jurisdiction of her person was raised in the first pleading filed and the case is not in point here. The case of Harlow Pub. Co. v. Pennel & Harrison, 179 Okl. 360, 65 P.2d 1206; cited by the majority opinion, is not in point because the action in that case was brought against a domestic corporation under a statute providing that the venue of an action against a domestic corporation is in the county in which the cause of action or any part thereof arose and as the cause of action arose in the county where the suit was brought venue was properly in that county.

No case cited by the majority opinion is authority for the principles laid down therein. The case of Summers v. Williams is authority for the views herein expressed. In the case at bar there was first a motion to quash the service because not "issued, served and returned according to law" (which as indicated above is not sustainable) and while this request was pending another motion was filed which first set forth the foregoing ground and then set forth the ground of venue over the person (which if filed first and standing alone might have been good), and also set forth the ground of irregularity in obtaining the judgment and unavoidable casualty preventing the party from defending, both of which are clearly non-jurisdictional grounds.

The defendant here by his pleadings had asked for affirmative relief two times (as to vacation of service for formal reasons and for vacation of judgment on non-jurisdictional grounds) and thereby entered his general appearance.