## BILBY ET AL. *v.* STEWART ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 160. Submitted January 25, 1918.—Decided March 4, 1918.

The court may not review a judgment of a state supreme court resting on a non-federal ground adequate to support it.

Where the probate of the will of a full-blood Creek Indian was refused solely on the non-federal ground of mental incapacity, questions sought to be raised under acts of Congress, concerning the execution of the will, its legal effect, and the necessity for probate, *held* immaterial.

An attempt to raise federal questions through an application to file a second petition for rehearing in the state court comes too late.

Writ of error to review 153 Pac. Rep. 1173, dismissed.

THE case is stated in the opinion.

*Mr. Lewis C. Lawson* for plaintiffs in error.

*Mr. George C. Crump, Mr. Jasper L. Skinner* and *Mr. J. Ross Bailey* for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This is a writ of error to the Supreme Court of Oklahoma, which affirmed on appeal the judgment of the Dis-

trict Court declining to probate an alleged will of Bruner, a full-blood Creek Indian, who, in the year 1912, died in that State possessed of his allotment, a bachelor without surviving parent.

The Act of April 26, 1906, c. 1876, 34 Stat. 137, relating to the Five Civilized Tribes, by § 19, prohibits members, for a period of twenty-five years, from alienating lands allotted to them; but by § 23, as amended by § 8 of the Act of May 27, 1908, c. 199, 35 Stat. 312, 315, provides that, "Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: *Provided*, That no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States court for the Indian Territory, or a United States commissioner, or a judge of a county court of the State of Oklahoma."

Section 1 of the Acts of Oklahoma for 1909, c. 41, provides:

"That no person who is prevented by law from alienating, conveying or encumbering real property while living shall be allowed to bequeath same by will."

Bilby, the main beneficiary named in the alleged will, and Moffitt, the executor, had first petitioned for its probate in the county court, where the heirs contested on the grounds of mental incapacity and undue influence and also on the ground that Bruner was by law prohibited from alienating or conveying his land. Probate was denied on the last ground; and the proponents appealed to the District Court where, as provided by the state law, it was tried *de novo*. That court, after an advisory verdict of a jury, denied probate solely on the ground of mental incapacity; and the errors assigned in the Supreme Court were substantially, that the judgment of the Dis-

trict Court was against the evidence.    153 Pac. Rep. 1173.    The Supreme Court affirmed the judgment of the lower court and a petition for rehearing was denied without a statement of reasons.    No federal question had been raised in the District Court, nor apparently up to that time in the Supreme Court.    But an application was then made for leave to file a second petition for rehearing; and in it proponents set up, among others, the claim that because Bruner was a full-blood Creek Indian "the execution of said will and the legal effect thereof and the necessity or non-necessity of the probation of said will is thereby involved in this cause and presents federal questions."    We need not, however, consider this contention.    For since the Supreme Court rested its judgment upon a non-federal ground adequate to support it, the existence of a federal question is of no significance. *Cuyahoga River Power Co.* v. *Northern Realty Co.*, 244 U. S. 300.    And, besides, the attempt to raise it comes too late.    *St. Louis & San Franciso R. R. Co.* v. *Shepherd,* 240 U. S. 240.    The writ of error is

*Dismissed.*