FRANK MUSLUSKY, Appellant, *v.* LEHIGH VALLEY COAL COMPANY, Respondent.

**Practice — special appearance — demand for copy of the complaint in an action is not an appearance, either general or special — motion to dismiss complaint for failure to serve denied.**

1. A defendant may appear specially in an action only for the purpose of raising the question whether the court has obtained jurisdiction over him personally or through his property.

2. A demand for a copy of the complaint is not an appearance, either general or special. Defendant's general appearance can be made only in the manner indicated in section 421 of the Code of Civil Procedure.

3. A defendant who has appeared specially for the purpose of obtaining a copy of the complaint is not in a position to move to dismiss the complaint if no complaint is served. (§§ 479, 480.)

*Muslusky* v. *Lehigh Valley Coal Co.*, 175 App. Div. 926, reversed.

(Submitted January 29, 1919; decided February 25, 1919.)

APPEAL from a judgment, entered November 29, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion for an order, under section 480 of the Code of Civil Procedure, dismissing the complaint for failure to serve a copy thereof after a demand therefor had been served pursuant to section 479 of said Code, and granted said motion.

The facts, so far as material, are stated in the opinion.

*Charles Goldzier* and *Joseph Levy* for appellant. The Code of Civil Procedure does not authorize a demand for the service of a complaint without a general appearance in the action. (Code Civ. Pro. §§ 421, 479, 480; *Reed* v. *Chilson,* 142 N. Y. 152; *Farmer* v. *N. L. Assn.,* 138 N. Y. 265; *Couch* v. *Mulhane,* 63 How. Pr. 79; *Wood* v. *Furtick,* 17 Misc. Rep. 561; *Duino* v. *Arbuckle,* 166 App. Div. 86.) The defendant having appeared here solely to contend against the jurisdiction of the court, was not justified to utilize such appearance to compel the further prosecution of the action or to obtain a judgment therein in its favor. (4 Corpus Juris, 1318.)

*Peter C. Mann* for respondent. A special appearance for the purpose of saving and raising objections to the jurisdiction of the court has always been recognized as regular and proper practice. (*McClure Newspaper Syndicate* v. *Times Printing Co.,* 164 App. Div. 108; *Reed* v. *Chilson,* 142 N. Y. 152; *Goldey* v. *Morning News,* 156 U. S. 518.) The Code of Civil Procedure by implication clearly recognizes the right of a defendant to· have a copy of the complaint in an action without interposing a general appearance. (Code Civ. Pro. § 479; *Kirewich* v. *P. & R. C. & I. Co.,* N. Y. L. J., Jan. 4, 1916; *Beisel* v. *L. V. Coal Co.,* N. Y. L. J., Feb. 17, 1916; *Lukosewicz* v. *P. & R. Coal & Iron Co.,* 173 App. Div. 965; *Agminas* v. *W. B. Colliery Co.,* 173 App. Div. 938; *Hoyt* v. *Ogden*

*P. C. Co.*, 185 Fed. Rep. 889.) The defendant, having served a demand for a copy of the complaint, is entitled to a dismissal upon the failure of the plaintiff to comply with this demand. (*Lukosewicz* v. *P. & R. Coal & Iron Co.*, 173 App. Div. 965; *Agminas* v. *W. B. Colliery Co.*, 173 App. Div. 938.)

POUND, J. The summons was delivered to the assistant secretary of defendant. Defendant, by its attorneys, served a notice of special appearance which contained a demand for a copy of the complaint. The special appearance was stated in the notice to be for the sole purpose of obtaining such copy " in order that defendant may be advised of the nature of the alleged cause of action sued upon and may thereafter take such objections to the jurisdiction of this court as it may be advised." No copy of the complaint was served. When the time for the plaintiff to serve the same expired, defendant moved to dismiss the complaint under section 480, Code of Civil Procedure, which reads as follows:

" If the plaintiff's attorney fails to serve a copy of the complaint, as prescribed in the last section, the defendant may apply to the court for a dismissal of the complaint."

In the notice of motion, defendant's attorneys added to their former special appearance an appearance " for the purposes of this motion." The motion was denied on the ground that the defendant, having appeared specially, could attack only the jurisdiction of the court over its person. An appeal was taken by defendant to the Appellate Division from the order entered on said motion. In the notice of appeal, defendant's attorneys again attempted to extend their former special appearance by including therein the words, " for the purposes of this appeal." The order of the Special Term was reversed by a unanimous court without opinion, and the complaint was dismissed. From the judgment entered

thereon this appeal was taken, and again the attorneys for the defendant " appear specially for the purposes stated in the notice of appeal and no other " to support the judgment appealed from.

The theory of special appearances has been pushed by the defendant to an illogical extreme. A summons is served in order to bring the defendant under the authority of the court. Until jurisdiction has thus been obtained, no binding judgment can be entered. (*Davis* v. *Cleveland, C., C. & St. L. Ry. Co.*, 217 U. S. 157; *Big Vein Coal Co.* v. *Read*, 229 U. S. 31.) When the summons has been served on a defendant who does not intend to submit himself to the jurisdiction of the court over his person, he may elect to remain out of court but he need not wait until the entry of judgment against him by default. He may appear specially. (*Goldey* v. *Morning News*, 156 U. S. 518; *Reed* v. *Chilson*, 142 N. Y. 152.) The special appearance is recognized only for the purpose of raising the question whether the court has obtained jurisdiction over the defendant personally or through his property. If the defendant serves a general notice of appearance, his right to assail the claim of jurisdiction over his person is waived. (Code Civ. Pro. § 421; *Reed* v. *Chilson, supra.*) If a motion to vacate the service of the summons on a special appearance is first made, the defendant may by answer iterate the plea to the jurisdiction. (*Toledo Rys. & Light Co.* v. *Hill*, 244 U. S. 49.)

The complaint reveals the merits of the action. To obtain a copy thereof, when it is not served with the summons, the defendant's attorney must " serve upon the plaintiff's attorney a written demand " which " may be incorporated into the notice of appearance." (Code Civ. Pro. § 479.) A mere demand for a copy of the complaint is not an appearance, either general or special. Defendant's general appearance can be made only in the manner indicated in section 421 of the Code (*Littauer*

v. *Stern,* 177 N. Y. 233, 236; *Farmer* v. *Nat. Life Assn. of Hartford,* 138 N. Y. 265; disapproved in *Goldey* v. *Morning News,* 156 U. S. 518, 523; *Merchants Heat & Light Co.* v. *Clow & Sons,* 204 U. S. 286, 290), and its special appearance can be made only for the purposes hereinbefore indicated.

Recent decisions of the lower courts which recognize the right of a defendant to demand a copy of the complaint without appearing generally in the action interpret section 479 of the Code of Civil Procedure as if it introduced a deviation from the direct course of the law suit. The section is a part of one harmonious whole. By giving to a single sentence the effect of an innovation, this defendant has been allowed not only to demand a copy of the complaint, but to obtain a judgment of dismissal under section 480 without appearing generally. The course pursued by plaintiff's attorney was proper. The legal efficacy of the demand for the complaint contained in so-called special appearance was no greater than that of a personal request to be responded to as courtesy might dictate. Even if defendant was entitled to a copy of the complaint without a general appearance, it does not follow that it might also move to dismiss the complaint and appeal from an order denying its motion. No action can be taken on a special appearance that does not have for its basis a challenge to the jurisdiction of the court over the person or property of the defendant. No such challenge has as yet been interposed in this case, yet plaintiff is here with his complaint dismissed.

The judgment appealed from should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.