## BURNETT et al. v. CLAYTON.

No. 16496—Opinion Filed May 18, 1926.

Rehearing Denied Jan 25, 1927.

**1. Appearance—Motion to Vacate Judgment on Nonjurisdictional Grounds.**

Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial.

**2. Judgment—Motion to Vacate — Where Showing of Defense Unnecessary.**

It is unnecessary for the motion to vacate, based on extrinsic evidence of no service of process and unauthorized appearance, to show a meritorious defense to plaintiff's action.

(Syllabus by Pinkham. C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by William McKinley Clayton, a minor, by E. T. Creegan, his legal guardian, against Bates B. Burnett and Dannie Ross Burnett. From an order of the court overruling the motion of the defendant Dannie Ross Burnett, to vacate a judgment rendered against Bates B. Burnett and Dannie Ross Burnett, the defendant Dannie Ross Burnett brings error. Affirmed.

Lytle & Field, for plaintiffs in error.

W. H. Odell and Streeter Speakman, for defendant in error.

Opinion by PINKHAM, C. This is an appeal to review an order of the court below overruling a motion to vacate a default judgment against plaintiffs in error upon a promissory note and for the foreclosure of a mortgage.

It appears that on September 13, 1923, the defendant in error, William McKinley Clayton, a minor, by E. D. Creegan, plaintiff in the lower court, instituted an action in the district court of Creek county, against the plaintiffs in error, as defendants, upon a promissory note and for the foreclosure of a mortgage given to secure the same. The parties will be referred to as they appeared in the lower court. Upon its face the summons shows good service.

The defendants, Bates B. Burnett and Dannie Ross Burnett, in that action appeared by their attorney and filed a demurrer to the plaintiff's petition, which was by the court overruled. Judgment was rendered against both said Bates B. Burnett, now deceased, and Dannie Ross Burnett, his wife, on April 19, 1924, in default of an answer. Thereafter, and on November 13, 1924, an execution and order of sale was issued in said cause, and under which the sheriff of Creek county had advertised the property which the court had in the judgment of April 19, 1924 ordered sold to satisfy the said judgment as rendered against said defendants. On December 10, 1924, a motion was filed by Dannie Ross Burnett, one of the defendants in said action, asking the district court of Creek county to vacate the judgment of April 19, 1924, and to enjoin and restrain the sheriff of Creek county from proceeding to sell the property described in the order of sale on December 15, 1924, as advertised.

This motion in substance charged that the said judgment was procured against Dannie Ross Burnett without any personal service of summons being had upon her in said action; that she had not authorized anyone to appear or represent her in said action and that by reason thereof, said judgment was void against her. She further stated in said motion that she had no knowledge of said judgment being taken against her until after the order of sale had been issued and the property had been advertised for sale. She further specifically denied that the deputy sheriff had, at any time, personally served a copy of said summons upon her in person, and alleged that no copy of the same had been left at her usual place of residence for her. The second paragraph of the motion to vacate the judgment reads as follows:

"This defendant would further represent that she has a good and valid defense to said action, in this, to wit, that she and the defendant, Bates B. Burnett, are husband and wife and are now and have been for many years occupying the property, described in plaintiff's petition, and in the mortgage being foreclosed by said judgment, as a homestead for themselves and family, and that the mortgage described in plaintiff's petition and sought to be foreclosed by said judgment is not signed, executed, and acknowledged by the said Bates B. Burnett as is required by the laws of the state of Oklahoma, relating to homesteads, and is therefore void and of no effect."

In the motion to vacate, the defendant Dannie Ross Burnett asked that the said judgment be vacated and set aside, and that she be given her day in court, in order that she may make her defense to the cause of action set forth in plaintiff's petition.

The plaintiff demurred and objected to the sufficiency of this motion, and objected to the introduction of any evidence thereon, for the reason that the same is not sufficient on its face to entitle the defendant to any relief. This objection was overruled. At the conclusion of the testimony taken upon the hearing, the motion to vacate was overruled, and judgment rendered in favor of the plaintiff. Motion for new trial was denied, and the defendant Dannie Ross Burnett has duly appealed to this court.

There is but one assignment of error relied upon for reversal of this case, to wit: That the district court of Creek county erred, as a matter of law, in refusing to vacate the judgment of April 19, 1924.

It is contended by counsel for defendant that, under the provisions of the statutes of our state with regard to the vacation of judgments, that under the record in this case and the testimony of the defendant, the judgment of April 19, 1924, was void, and the court erred in refusing to vacate the same.

It has been held in a number of cases by this court that relief based on evidence de hors the record may be had against a judgment rendered without service of process under the third subdivision of section 810, C. S. 1921, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of "irregularity in obtaining a judgment or order"; and further, that under section 817, C. S. 1921, such motion may be presented within three years after the rendition of the judgment or order, that a void judgment under said section 817 may be vacated at any time on motion of a party, or of any person affected thereby (Pet-

tis v. Johnston, 78 Okla. 277, 190 Pac. 681).

It is also well settled by the decisions of this court that when a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, said party enters a general appearance as though said appearance had been made at the trial (Morgan v. Karcher et al., 81 Okla. 210, 197 Pac. 433).

In Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738, it is held in the second paragraph of the syllabus that:

"Where a motion is made in which questions are raised that go to the jurisdiction of the court over the parties, and in which questions are also raised that cannot be raised by special appearance, but can be heard only upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

It is not contended by counsel for defendants that the motion to vacate did not allege a meritorious defense to the action in which the judgment sought to be vacated was obtained. The contention is that this is required under the third subdivision of section 810, supra, which provides that the court shall have the power to vacate or modify its own judgments or orders at or after the term at which said judgment or order was made "for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." and that under section 814, C. S. 1921, which provides that:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered. * * *"

In other words, the argument is that it is necessary, in a motion to vacate a judgment upon the ground that the same is void because the movant was not served with summons, to also set up that the movant has a valid defense to the action in which the judgment was rendered. This contention cannot be sustained.

In the case of Myers v. Chamness, 102 Okla. 131, 228 Pac. 988, it is held that:

"Sections 812 and 814, Comp. Stat. 1921, have no application to judgments rendered by a court having no jurisdiction of the person of the defendant and where the judgment, so called, is for that reason either void or voidable"

—and it is unnecessary for the motion to vacate, based on extrinsic evidence of no service of process and unauthorized appearance, to show a meritorious defense to plaintiff's action.

In the body of the opinion in the above case it is said:

"The sole question presented is, whether or not in the petition to vacate, Myers entered his general appearance, and thereby voluntarily submitted himself to the jurisdiction o the court. and this depends upon whether the allegations of the petition show that the vacation of the judgment was sought on nonjurisdictional as well as jurisdictional grounds, for it is well settled by the decisions of this court as well as those of the Supreme Court of Kansas, from which state our Code of Civil Procedure was borrowed, that when it is sought to vacate a judgment upon both jurisdictional and nonjurisdictional grounds, it will be deemed that a general appearance is entered." Citing Welch v. Ladd, 29 Okla. 93, 116 Pac. 573; Ziska v. Avey et al., 36 Okla. 405, 122 Pac. 722; Morgan v. Stevens et al., 101 Okla. 116, 223 Pac. 365; and a number of Kansas decisions.

The fact that the court overruled the demurrer to the motion to vacate, and plaintiff's objection to the introduction of evidence thereon, cannot have the effect of rendering the final judgment of the court overruling the motion to vacate reversible error, it being apparent that the movant made a general appearance and invoked the jurisdiction of the court in the motion asking for affirmative relief.

The language used in the Myers v. Chamness Case, supra, that "had he desired merely to challenge the jurisdiction of the court of his person, he should have done so by an appropriate special appearance for that purpose, and not by petition calling for an adjudication of his defense," is applicable here.

We think the ruling of the trial court was correct, and that the judgment appealed from should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1342. §33; 2 R. C. L. p. 332; 1 R. C. L. Supp. p. 505. (2) 34 C. J. p. 333, §550; 15 R. C. L. p. 719; 4 R. C. L. Supp. p. 1017; 5 R. C. L. Supp. p. 848.