RICHARDSON MACHINERY COMPANY *v.* SCOTT.

CERTIORARI TO THE SUPREME COURT OF OKLAHOMA.

No. 198. Submitted January 17, 1928.—Decided February 20, 1928.

1. By the law of Oklahoma, where a person against whom a default judgment is rendered files a petition to vacate the judgment upon the ground that the court had no jurisdiction of the defendant, and the petition is based also on non-jurisdictional grounds, such as that the judgment was obtained by fraud or that the party was prevented from defending by unavoidable casualty or misfortune, the filing of the petition operates as a voluntary general appearance, with the same effect as if such appearance had been made at the trial. P. 133.
2. A judgment based on this ground is not reviewable by this Court, although in rendering it the state court also overruled the petitioner's contention that the service of process in the action was void under the Fourteenth Amendment. P. 133.

Certiorari to 122 Okla. 125, dismissed.

CERTIORARI, 274 U. S. 729, to a judgment of the Supreme Court of Oklahoma, affirming a judgment which denied the petition of a foreign corporation to set aside a default judgment rendered in an action based on substituted service of summons.

*Messrs. D. Haden Linebaugh* and *Paul Pinson* were on the brief for petitioner.

*Messrs. Jean H. Everest* and *Charles L. Moore* were on the brief for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

A statute of Oklahoma provides that if a foreign corporation doing business within the State fails to appoint an agent upon whom service may be made, process served upon the Secretary of State shall be sufficient to give jurisdiction of the person to any court having jurisdiction of

the subject matter.    Compiled Oklahoma Statutes (1921) §§ 5436, 5442.

In September, 1920, Scott, a resident of Oklahoma, brought in a district court of the State an action of contract against the Geo. O. Richardson Machinery Co., a Missouri corporation.    He alleged in his petition that the defendant was a foreign corporation doing business in Oklahoma and that it had failed to appoint an agent upon whom process might be served. · He asked leave to serve the summons upon the Secretary of State as provided in the statute.    There was a praecipe for summons pursuant to the statute; the summons issued; and it was served as in the statute provided.    The defendant having failed to enter an appearance within the time limited, judgment by default was, in October, 1920, entered for the amount claimed.

In July, 1921, which was after the expiration of the term at which the judgment was entered, the corporation filed what it called a "Special appearance and motion to quash summons and service thereof and to set aside and vacate judgment."    The motion set forth that the corporation had not had actual notice of the action or the judgment; that, for this reason, it had not had an opportunity to defend; that it had and has a valid defense to the cause of action sued on; that it is not indebted to the plaintiff in any amount; and that if it had had notice, it would have interposed a defense.    It alleged further that it had never engaged in business within the State; that it does, and has done, with residents of Oklahoma a purely interstate business; that the Secretary of State was not by contract or law its agent upon whom service could be made; that the statute authorizing service upon the Secretary of State was, as applied to it, a violation of the due process clause of the Fourteenth Amendment; and that the trial court had no jurisdiction.    It prayed that the

summons and return be quashed and that the judgment rendered be set aside.

The proceedings which followed the filing of this motion to quash and vacate extend over a period of more than six years. The report of them occupies more than 200 pages of the printed record. Immediately after filing the motion, the corporation sought from the state district court, and obtained, an order removing the cause to the federal court on the ground of diversity of citizenship. There the case was heard on the motion to quash the summons and vacate the judgment. On April 27, 1922, after proceedings which it is unnecessary to detail, the federal court remanded the cause to the state court, because the petition for removal had not been filed in time.

On June 1, 1922, the case came on for hearing in the state court on the motion to quash the summons and to set aside the judgment. The motion was overruled; and exceptions were allowed. Then the corporation was granted leave to file instanter a petition, under § 810 of the Compiled Statutes (1921), to vacate the judgment. That section provides that the district court shall have power in nine classes of cases to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. Among these are: "Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order," and "Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

On the same day, a new pleading entitled "Petition to Vacate Judgment" was filed. This petition did not contain an allegation that the corporation's appearance was special and solely to contest the jurisdiction of the court; nor did it seek to quash the summons issued and served. In addition to allegations made in the motion filed in July, 1921, the new petition alleged that the service was based

upon an allegation fraudulently made that the corporation was engaged in business in Oklahoma within the meaning of the statute relative to service; that the judgment was rendered upon false and fraudulent testimony given in support of the allegation that the defendant was indebted to the plaintiff; that in fact plaintiff was indebted to the corporation in the sum $29.10; that if it, the corporation, violated the state law by failing to appoint an agent, it had done so unconsciously; that in any event it was entitled to be notified of the pendency of the action; that by fraud the plaintiff concealed from it the fact that the action had been instituted; and that there was no duty devolving upon the Secretary of State to notify it. It alleged further, as required by § 814 of the Compiled Statutes, that it had a meritorious defense; that this would have been interposed if it had known of the pendency of the action; that if permitted now to appear and defend, it could and would establish the defense. Annexed to the petition was a copy of the answer which the corporation proposed to file if its prayer to vacate the judgment should be granted. This answer included a counterclaim for the small balance alleged to be due to the corporation. The petition alleged further that a levy upon the corporation's property to enforce the judgment was threatened; offered a bond conditioned to pay the judgment, if sustained; and prayed for a stay of execution pending a hearing on the petition to vacate. As final relief the petition prayed that the judgment be vacated; that the corporation be permitted to file the answer annexed and make proper defense; and that it have other and proper equitable relief.

To this petition to vacate a demurrer was interposed. There was a hearing upon the demurrer; it was sustained; the petition was dismissed, upon refusal of the corporation to plead further; and on June 19, 1922, a stay of the exe-

cution, pending an appeal, issued. In October, 1924, the Supreme Court of Oklahoma reversed the judgment dismissing the petition to vacate. Its decision was rested solely upon the ground that, under the statute, the Secretary of State was required to give the defendant corporation notice of the service of the summons upon him; that he had failed to do so; that, since the corporation lacked actual knowledge, there was an " unavoidable casualty or misfortune preventing the party . . defending " as defined in sub-paragraph Seventh of § 810 of the Compiled Statutes of Oklahoma; and that, therefore, the case should be remanded for further proceedings. In December, 1925, a rehearing was granted.

In November, 1926, the Supreme Court of Oklahoma reversed itself and affirmed the judgment of the trial court dismissing the petition to vacate. 122 Okla. 125. In its second opinion it recited the claim that the statute authorizing service upon the Secretary of State violated the due process clause of the Fourteenth Amendment; stated that the validity of the statute had been sustained in *Title Guaranty & Surety Co.* v. *Slinker,* 42 Okla. 811, which was binding upon it; and then, exercising jurisdiction, it held that relief could not be had under clause Seventh of § 810, because the corporation's lack of knowledge of the commencement of the action was not due to " unavoidable casualty or misfortune " but to its own failure to appoint an agent as required by the law of the State. As leading to that conclusion, it held further that the Secretary of State was not under a duty to send notice of the summons.

This Court being of opinion that the constitutionality of the statute concerning service, as so construed, was questionable, and that the question of its validity was one of general importance, granted the petition for a writ of certiorari. 274 U. S. 729. Further study of the record discloses that the discussion by the state court of this

constitutional question was unnecessary to the result reached by it. The jurisdictional question—and hence the constitutional question—had already been eliminated earlier in the opinion. For the court had held that by filing the petition to vacate under § 810, the corporation had, in effect, entered a general appearance. This was true, because embodied in the petition were several non-jurisdictional grounds of relief, including, among others, fraudulent conduct on the part of the plaintiff and the meritoriousness of the corporation's defense; and because the corporation sought affirmative relief against the original plaintiff.

Since the founding of the State, it has been the settled law of Oklahoma that where a person against whom a judgment is rendered files a petition to vacate the judgment upon the ground that the court had no jurisdiction of the defendant, and the petition is based also on non-jurisdictional grounds, such as those mentioned in sub-paragraphs Fourth and Seventh of § 810, the filing of the petition operates as a voluntary general appearance, with the same effect as if such appearance had been made at the trial.[1] It was probably because this rule had been so long settled, that the Supreme Court of Oklahoma deemed it unnecessary to enlarge upon the subject or to cite any of the many cases in which the rule had been acted on.

As the decision of that court was rested, and may rest, on this rule—an adequate non-federal ground—the writ must be dismissed, *Bilby* v. *Stewart,* 246 U. S. 255, 257; *Doyle* v. *Atwell,* 261 U. S. 590, 591.

*Dismissed.*

---

[1] *Rogers* v. *McCord-Collins Mercantile Co.,* 19 Okla. 115, 118; *Lookabaugh* v. *Epperson,* 28 Okla. 472; *Welch* v. *Ladd,* 29 Okla. 93, 98; *Ziska* v. *Avey,* 36 Okla. 405, 408; *Pratt* v. *Pratt,* 41 Okla. 577; *Hill* v. *Persinger,* 57 Okla. 663; *Myers* v. *Chamness,* 102 Okla. 131; *Burnett* v. *Clayton,* 123 Okla. 156.