### GRANT v. KELLOGG CO.

District Court, S. D. New York.
Jan. 18, 1943.

230

Regan & Barrett, of New York City (John N. Regan and Peter J. Baxter, both of New York City, of counsel), for plaintiff.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Stephen P. Duggan, Jr., both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion by the defendant, Kellogg Company, for an order permitting it to appear specially in this action solely for the purpose of protecting its interest in certain bank deposits located in this State, previously attached herein under a New York Supreme Court warrant of attachment, and limiting plaintiff's recovery, if any, in this action to the property attached.

The action was commenced in the Supreme Court of the State of New York by the plaintiff, Vernon Grant, for the recovery of money damages from the defendant, Kellogg Company. Without going into too much detail, the basis of the complaint's three alleged causes of action are transactions between the parties whereby the plaintiff, a nationally known artist, drew certain gnome-like, imaginative characters for the defendant, to be used in the company's sales promotion of its cereal food product "Rice Krispies". Whether or not this was a contract of employment is an issue. After a period of about nine years the defendant is alleged to have breached its contract, and it is for the alleged breach, as well as for money claimed to be due plaintiff as royalties that the plaintiff's action is brought.

The defendant is a foreign (Michigan) corporation and had deposits of $28,000 in a New York bank. The plaintiff originally obtained jurisdiction in the New York State Court by levying a warrant of attachment against such funds and by serving process on the defendant personally without the State, pursuant to an order of the New York Court. No issue is raised that the attachment or the service of process without the State, were not valid under the New York practice.

■ Subsequently, the defendant, appearing specially in the State Court, removed the action to this Court upon the grounds of diversity of citizenship. This "did not operate as a general appearance by the defendant". Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 274, 81 L.Ed. 289.

The defendant has not yet answered the plaintiff's complaint. It wishes to defend its interest in the funds attached in this suit, but fears that such defense may be deemed to constitute a general appearance and so subject the defendant to the full in personam jurisdiction of this Court. Defendant therefore makes this motion to have the question and its doubts resolved in advance.

In support of the motion, the defendant argues that several of our Circuit Courts of Appeals, in other sections of the country, have held that if the defendant expressly limits the purpose of its appearance to the defense of the attached res, no general appearance will be inferred by the Court; that the New York State court decisions to the contrary, affect procedural matters only and no substantive rights and are not controlling in this Court; and finally that any contrary decision would be manifestly unfair as a denial to the defendant of its right to be heard in defense of the claim, on the basis of which property of the defendant would be sold to satisfy any judgment herein. This latter contention is the view expressed by Chief Judge Rugg in a strong opinion in Cheshire Nat. Bank v. Jaynes, 224 Mass. 14, 15, 112 N.E. 500.

The plaintiff, opposing the motion, stresses the New York State court decisions, which hold that if a defendant wishes the advantages of trying the merits of plaintiff's claim he may not appear specially; that the Federal Rules make no provision for a special appearance for this purpose; and that Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, cannot be stretched to cover the present case, where jurisdiction to the extent of the attached res is conceded.

As to the effect of a judgment rendered in a suit where the action was commenced in a State Court by the attachment of a non-resident's property and the service of

process on the non-resident defendant by publication, Judge Miller in Cooper v. Reynolds, 77 U.S. 308 at page 318, 19 L.Ed. 931, stated as follows:

"If the defendant appears the cause becomes mainly a suit in personam, with the added incident, that the property attached remains liable, under the control of the court, to answer to any demand which may be established against the defendant by the final judgment of the court. But, if there is no appearance of the defendant, and no service of process on him, the case becomes, in its essential nature, a proceeding in rem, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff.

"That such is the nature of this proceeding in this latter class of cases, is clearly evinced by two well-established propositions: first, the judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached [property] is exhausted. No suit can be maintained on such a judgment in the same court or in any other, nor can it be used as evidence in any other proceeding not affecting the attached property, nor could the costs in that proceeding be collected of defendant out of any other property than that attached in the suit. Second, the court, in such a suit, cannot proceed unless the officer finds some property of defendant on which to levy the writ of attachment. A return, that none can be found, is the end of the case, and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court."

To the same effect is a discussion of this point by Justice Story in Picquet v. Swan, Fed.Cas.No.11,133, 5 Mason 35, which was quoted by Justice Field in Pennoyer v. Neff, 95 U.S. 714, at page 724, 24 L.Ed. 565.

Section 36 of the United States Judicial Code, 28 U.S.C.A. § 79, provides, in part, as follows: "When any suit shall be removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the State court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer

final judgment or decree had it been rendered by the court in which said suit was commenced."

It is the law of the State of New York "that when a defendant becomes an actor in a suit to the extent of participating in the merits he submits to the jurisdiction of the court". The doctrine is expounded in the following quotation from Henderson v. Henderson, 247 N.Y. 428 at pages 432, 433, 160 N.E. 775, 777: "Before our decision in Muslusky v. Lehigh Valley Coal Co., 225 N.Y. 584, 122 N.E. 461, many trivial acts by a defendant were viewed as putting him in the position of an actor in litigation. The general rule in this state is that when a defendant becomes an actor in a suit to the extent of participating in the merits he submits to the jurisdiction of the court (Farmer v. National L. Ass'n, 138 N.Y. 265, 270, 33 N.E. 1075), and that rule has the approval of the Supreme Court of the United States. In Merchants' H. & L. Co. v. James B. Clow & Sons, 204 U.S. 286, 290, 27 S.Ct. 285, 51 L.Ed. 488, Mr. Justice Holmes cited the Farmer case and observed that the difference of opinion grows out of the question as to when a defendant does become such an actor. This question is one largely of degree, and the application of the rule must necessarily depend upon the facts. Matter of Macaulay, 27 Hun [N.Y.] 577, affirmed 94 N.Y. 574; Thames & Mersey [Marine] Ins. Co. v. United States, 237 U.S. 19, 24, 25, 35 S.Ct. [495], 496, 59 L.Ed. 821, Ann.Cas.1915D, 1087; St. Louis & S. F. Ry. Co. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659; Richardson Mach. Co. v. Scott [276 U.S. 128], 48 S.Ct. 264, 72 L. Ed. [497], February 20, 1928. When we said in the Muslusky case, supra, that a general appearance cannot be made except in the manner indicated in section 421 of the Code (now section 237, Civil Practice Act), we had no thought to hold that a defendant participating in the litigation as an actor in a genuine and substantial sense will be permitted to contest the jurisdiction of his person by coupling with the participation a disclaimer of his willingness to be affected by its consequences. United States ex rel. Int. Cont. Co. v. Lamont, 155 U.S. 303, 310, 15 S.Ct. 97, 39 L.Ed. 160; Grant v. Pratt & Lambert, 52 App.Div. 540, 548, 65 N.Y.S. 486. Such a rule would lead to incongruous results, and the Legislature cannot have intended by declaring the form of an appearance to import such consequences into the body

of our law. The statute prescribes the forms of pleadings, yet parties may try a case, if they will, without reference to the pleadings. Gillies v. Manhattan Beach Imp. Co., 147 N.Y. 420, 42 N.E. [192], 196. If they may waive the necessity of an answer, they may do the same as to an appearance. A defendant by accepting the benefits may be estopped from assailing the general nature of his appearance and may be held to have submitted to jurisdiction."

The issue is one of procedure and does not involve substantive rights. Rule 64, Federal Rules of Civil Procedure, dealing with provisional remedies, indicates that the remedy of attachment provided by the State law applies in the Federal District Court located within the State, unless some federal statute governs the particular case. If the action has been commenced in the State court and removed to the Federal Court it "shall be prosecuted after removal, pursuant to these [Federal] rules". No provision of the Federal Rules specifically permits a special appearance by a defendant to contest the merits of a plaintiff's claim. There is nothing in Rule 12, Federal Rules of Civil Procedure to that effect.

Professor Moore in his excellent work on Federal Practice has anticipated the proposition posed by defendant's motion herein. Referring to the defenses and objections available to a litigant under Rule 12, F.R.C.P., he states (Vol. 1, page 650):

"Assuming that his defenses (1)–(5), and his defenses on the merits are not sound, and that the plaintiff is entitled to a judgment on the merits, will the judgment be limited to the property proceeded against or can the plaintiff also have a personal judgment against the defendant, where the defendant has clearly indicated that his defenses on the merits go only to the property proceeded against? * * *

"The difficulty with such reasoning lies in the fact that any litigation on the merits necessarily involves more than the mere right to hold or maintain a lien on the property proceeded against; it comprehends also the merits of the underlying personal claim between the parties, which, if unfounded, will cause the action to fail. It seems then that the defendant, being willing to come in and litigate this claim in part so as to protect any interest in the property, s'.uld have to let such a defense on the m..ts determine the entire personal rights as . tween the parties. The defendant cannot complain of inconvenience since he has already indicated a willingness to defend the merits."

For the reasons hereinabove stated, the defendant's motion is denied. Settle order on two days' notice.