Birdie Amsterdam, J.
The defendant appears specially for the purpose of this motion and moves to vacate the service of the summons herein upon the ground that the defendant is a foreign corporation not licensed to nor doing business in this State and that the court therefore has no jurisdiction over it.
It appears that only a summons was served upon an officer of the defendant while he was here on a social visit. Defendant’s attorney thereupon served a demand for a copy of the complaint. No appearance or words equivalent of a notice of appearance were contained in said demand. Plaintiff now urges that said demand constituted a general appearance in the action and that defendant is therefore estopped from interposing a special appearance on this motion.
Plaintiff’s position is untenable. The use of a mere “ demand ” which is not coupled with an “ appearance ” is well recognized and provided for specifically by statute. Section 257 of the Civil Practice Act provides for ‘ ‘ Service of Complaint ’ ’ and in authorizing a ‘1 demand for a copy of the complaint ’ ’ states that it must be complied with 61 notwithstanding that the defendant may not have made either a general or a special appearance in the action”. Thus, we see clear, unequivocal language of the statute authorizing a “ demand ” without at the same time “ an appearance ” in the action. The distinct nature of a “ demand ” was noted in Muslusky v. Lehigh Valley Coal Co. (225 N. Y. 584), where it was stated that“ A mere demand for a copy of the complaint is not an appearance, either general or special ”. See, also, Lisle v. Palmer (29 N. Y. S. 2d 975, affd. 263 App. Div. 720, and Tripp, A Guide to Motion Practice (1949-1955 Cum. Supp., § 19, p. 27).
Accordingly, since the 11 demand ” here was nothing more, it did not constitute a general appearance which estopped or waived the instant special appearance. Coming then to the crux of this motion, the moving papers establish, without contradiction, that the defendant is a foreign corporation (Illinois) and has no office, property, officers, agents or employees in the State of New York; nor is it qualified to do business here and it neither sells nor solicits business or sales in this State. It is further shown that its only business here is through occasional purchases from *992 suppliers here, all of which is done by telephone or mail orders from Chicago.
In light of all of the aforesaid, the motion to vacate the service herein is granted.