STATE OF NORTH CAROLINA v. ROBERT SPURGEON WHITLEY

No. 7719SC192

(Filed 3 August 1977)

**Searches and Seizures § 1— items in plain view in vehicle — warrantless seizure proper**

   In a prosecution for felonious breaking and entering and larceny, the trial court did not err in admitting items seized from defendant's car without a warrant where officers seized the items after simply looking into the car, shining a flashlight on the back seat, and observing the items in plain view.

APPEAL by defendant from *Long, Judge.* Judgment entered 28 October 1976 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 28 June 1977.

Defendant was charged by indictment in proper form with two counts of felonious breaking and entering and one count of felonious larceny. He entered pleas of not guilty and was convicted by a jury on all charges. Judgment was entered thereon sentencing defendant to imprisonment for consecutive terms of 5 years on the larceny charge and 10 years on each breaking and entering charge.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Smith, Casper & Smith, by Archie L. Smith, for defendant appellant.*

MORRIS, Judge.

Prior to trial, defendant moved to suppress evidence with respect to certain items which had been located in the rear seat of his automobile. On voir dire, the State introduced evidence which tended to show: On 29 April 1976 at approximately 7:30 p.m. Raymond Hoover returned to his mobile home to find that its inside lights were on and a car was parked in front. Hoover inspected the trailer and discovered that the front and back doors had been pried loose. While Hoover was standing approximately 15 feet from the trailer, a light inside was turned on, enabling Hoover to see defendant. Hoover went inside to get his gun, whereupon defendant fled through the back door. Hoover

ran out the front door, "captured" defendant and detained him until the police arrived.

Inside the trailer, all the drawers had been taken out. The sliding doors on the bedroom closet were torn down, and the contents were strewn on the bed. The stereo equipment had been disassembled and was sitting beside the door. Thinking that some of his property might be therein, Hoover opened the door of the car parked beside his trailer. He saw nothing belonging to him inside but did observe a rifle, a jewelry box and a woman's pocketbook on the back seat.

When investigating officers arrived, they shined a light in defendant's vehicle and also saw the rifle, jewelry box and pocketbook. However, they did not remove the items from the vehicle then because they had no report at that time that the goods were stolen. Defendant was taken into custody, and his car was towed to a gas station.

Subsequently that evening, the investigating officers learned of another break-in which had occurred at the trailer of Odell Lambert, who lived approximately four miles from Hoover. Lambert reported that a rifle, jewelry box and pocketbook had been stolen. Officers then returned to the gas station where they looked in defendant's car's rear window and again saw items matching the description of Lambert's property. They seized the property, and Lambert subsequently identified the items as his.

At the close of the evidence, the trial court found that the items seized from defendant's car were in plain view of the officers at the time they were observed, and that when the seizure occurred, the officers had probable cause to believe that the items were stolen. The court then denied the motion to suppress. The State repeated its evidence before the jury, and the rifle, jewelry box and pocketbook were admitted into evidence.

In his sole argument on appeal, defendant contends that the trial court erred in admitting the items seized from his car and in denying his motion to dismiss the charges related thereto. We disagree.

"The constitutional guaranty against unreasonable searches and seizures does not apply where a search is not necessary, and where the contraband subject matter is fully disclosed and open to the eye and hand." *State v. Crews,* 286 N.C. 41, 45, 209 S.E.

State v. Whitley

2d 462, 465 (1974), *cert. den.*, 421 U.S. 987, 44 L.Ed. 2d 477, 95 S.Ct. 1990 (1975). Here, the property seized was visible to the officers standing outside defendant's car. Thus, the items were in "plain view." *State v. Wolfe,* 26 N.C. App. 464, 216 S.E. 2d 470, *cert. den.*, 288 N.C. 252, 217 S.E. 2d 677 (1975). Moreover, we find no merit in defendant's contention that the items were not in plain view because a flashlight was used to see them. *See State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25 (1967). As the property discovered in defendant's car was in plain view, no warrant was necessary for its seizure. These assignments are overruled.

Defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and CLARK concur.