STATE OF NORTH CAROLINA v. TONY RUSHELL WYNN

No. 797SC691

(Filed 19 February 1980)

**Searches and Seizures § 34— pistol in plain view in car—warrantless seizure proper**

Where an officer was informed that armed robbery suspects had fled in a certain direction, he proceeded in that direction, and he stopped a car which carried passengers fitting the description of the robbers and which had run a stop sign, the officer could properly seize without a warrant a .22 caliber pistol which was on the floorboard of the car and which he saw when he shone his flashlight through the open passenger door.

APPEAL by defendant from *Brown, Judge.* Judgment entered 8 March 1979 in Superior Court, WILSON County. Heard in the Court of Appeals 9 January 1980.

Defendant was charged with the armed robbery of Margie Lucas, taking $50.00 from the Texaco Grill on 27 December 1978. He moved to suppress from evidence a .22 caliber pistol found on the floorboard of defendant's automobile and seized by Policeman Floyd Dickerson. After *voir dire* the trial court denied the motion to suppress, and defendant entered a plea of guilty as charged. Judgment was entered imposing a sentence of 20 years' imprisonment as a committed youthful offender, and defendant appealed under G.S. 15A-979(b).

*Attorney General Edmisten by Assistant Attorney General Thomas F. Moffitt for the State.*

*E. J. Kromis, Jr. for defendant appellant.*

CLARK, Judge.

The determination of the suppression question is dependent upon whether the seizure of the pistol comes within the "plain view" warrantless search exception to the exclusionary evidence rule.

In *Coolidge v. New Hampshire,* 403 U.S. 443, 446, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971), the Supreme Court enunciated four elements of the "plain view" doctrine as follows:

1. the prior intrusion must be valid;

2. the discovery must be inadvertent;

3. the evidence must be immediately apparent as such; and

4. the evidence must be in plain view.

After *voir dire* the trial court, in concluding that the plain view doctrine was applicable and denying the defendant's motion to suppress, found facts as follows:

"That Officer Floyd Dickerson of the Wilson Police Department received a radio message that a robbery had occurred at the Texaco Grill and that the suspects were two young black males, one of light complexion and one of dark complexion; that the two black males left the grill running in the direction of Carver Trailer Park. That Dickerson proceeded to the trailer park and observed a 1973 Chevrolet automobile, that he followed the automobile and observed two black males in the rear seat who looked back frequently at his car; that at one intersection that the car passed through it failed to stop for a stop sign and ran up on the curb, almost striking the stop sign, and accelerated rapidly. That the officer continued following the automobile and the subjects in the back seat continued to look back in the direction of the officer's car. That he stopped the car and four black males got out, that they were all young and one was of dark complexion and one was of light complexion; that the four black males walked toward his patrol car and then one of the black males turned and walked back to the car and then returned to the patrol car. That the officer told the subjects to put their hands on his car and they were frisked and the defendant had $50.00 crumpled or balled up on his person. That Officer Dickerson walked over to the passenger side of the automobile and the door had been left open and he observed a .22 pistol in the floorboard on the passenger side."

The foregoing facts were fully supported by the State's evidence.

## 1. The Prior Valid Intrusion

The valid intrusion element has been applied liberally where the police discover evidence in plain view; in general it is only re-

quired that the police have legal justification to be at the place where he sees evidence in plain view. *State v. Thompson*, 296 N.C. 703, 252 S.E. 2d 776 (1979); *State v. Rudolph*, 39 N.C. App. 293, 250 S.E. 2d 318 (1979), (where the circumstances are somewhat similar to those in the case before us). The plain view doctrine can be used in conjunction with the exception for moving vehicles, enunciated in *Carroll v. United States*, 276 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), where the elements of exigent circumstances and probable cause exist. Thus intrusion has also been considered valid where police have stopped a vehicle for inspection based on probable cause, or for traffic violation, and see evidence in plain view from without the vehicle. *State v. Allen*, 282 N.C. 503, 194 S.E. 2d 9 (1973); *State v. Blackwelder*, 34 N.C. App. 352, 238 S.E. 2d 190 (1977); *State v. Dixon*, 241 N.W. 2d 21 (1976). Consequently, we have no problem finding a valid prior intrusion in the instant case.

## 2. Inadvertent Discovery of the Evidence

The requirement of inadvertent discovery is not clearly defined in *Coolidge, supra.* Where the police know in advance the location of the evidence and intend to seize it, the constitutional requirement of a warrant applies. However, the mere expectation that the evidence will be discovered does not negate the inadvertency element. Some commentators feel that inadvertency means the absence of probable cause. Comment, 85 Harv. L. Rev. 3, 243-247 (1971). In the case before us Officer Dickerson did not have probable cause to believe that he would discover a pistol in the automobile operated by defendant. Though he was investigating a crime in which a firearm was used, there was at most an expectation or possibility that at the time of detention he would discover a pistol in the car.

## 3. Immediately Apparent

The requirement that the evidence seized be immediately apparent as such is a corollary of the probable cause requirement. There must be some "... nexus ... between the item to be seized and criminal behavior." *Warden v. Hayden*, 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed. 2d 782 (1967). This element is required so that "the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something in-

criminating at last emerges." *Coolidge, supra,* 403 U.S. at 466. In *United States v. Truitt,* 521 F. 2d 1174, 1177 (6th Cir. 1975), the court held that the issue is not whether the object is contraband, but whether the discovery under the circumstances would warrant a man of reasonable caution in believing that an offense has been committed or is in the process of being committed, and that the object is incriminating to the accused. See *State v. Prevette,* 43 N.C. App. 450 (1979).

In the case *sub judice,* there was a nexus between the pistol discovered in defendant's car and the crime of armed robbery. The pistol was undoubtedly incriminating to the defendant. Consequently, the "immediately apparent" element is present in the instant case.

### 4. Plain View

The object of the Fourth Amendment is to protect reasonable expectations of privacy. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). When the evidence seized is in plain view the police officer is outside constitutionally protected areas. Plain view does not require unobstructed sight, but only as much sight as is necesssary to give a reasonable man the belief that there is evidence of criminal activity present. See *United States v. Drew,* 451 F. 2d 230 (5th Cir. 1971), which held that a gun was in plain view when police observed the outline of a gun through an opaque plastic case.

In the case before us, after defendant and the other three occupants of the car were frisked by Officer Dickerson and Officer Roberts and a wad of bills amounting to $50.00 was found in defendant's pocket, Officer Dickerson then went to defendant's car; he shined a flashlight into the car and saw a .22 caliber pistol on the floor of the front seat. He seized the gun. In *State v. Whitley,* 33 N.C. App. 753, 236 S.E. 2d 720 (1977), it was held that a rifle, jewelry box and pocketbook, which were on the backseat of the accused's automobile and which were visible to officers when they shined a flashlight into the automobile were in "plain view."

We find that the .22 caliber pistol discovered by Officer Dickerson with the aid of the flashlight was in the plain view and

that its seizure without a warrant was justified under the plain view doctrine.

The judgment is

Affirmed.

Judges ARNOLD and ERWIN concur.