Mary E. HERRINGTON, formerly Mary E. Dykes, Appellee,

v.

Hollis DYKES, Appellant.

No. 57001.

Court of Appeals of Oklahoma, Division No. 4.

March 1, 1983.

As Corrected March 2, 1983.

Released for Publication by Order of Court of Appeals April 1, 1983.

Ellis Cabaniss, Graft & Cabaniss, Clinton, for appellee.

G. Mathew Salter, Garret & Salter, Mangum, for appellant.

STUBBLEFIELD, Judge.

This is an appeal from an order of the trial judge sustaining a demurrer by plaintiff, Mary E. Dykes, to an application to vacate decree of divorce filed by defendant, Hollis Dykes.

On June 26, 1980, plaintiff filed a petition for divorce in Beckham County, Oklahoma, alleging incompatibility between herself and defendant, and requesting temporary support alimony and the custody of the couples' six-year-old minor child. Summons was returned on June 30, 1980, with the notation that Deputy Sheriff Keith Crum had personally served the defendant with a copy of the petition on the 28th day of June, 1980.

This matter came on for hearing on the merits on August 1, 1980. The defendant failed to appear and was held in default. A decree of divorce was entered dissolving the parties' matrimonial ties and dividing the property and debts between them. Plaintiff was awarded exclusive custody of the minor child. Defendant was ordered to pay child support of $150 per month and to pay plaintiff's attorney fees.

Various supplemental orders and applications for contempt citations were subsequently filed. The record fails to reflect that defendant entered an appearance pursuant to any of these pleadings.

On March 3, 1981, defendant filed a pleading styled "Application to Vacate Decree of Divorce." In this pleading defendant acknowledged that the decree of divorce had been entered, but alleged that the decree was void for the reason that the trial court had lacked personal jurisdiction over the defendant. In support of this allegation defendant stated in the application that he had never been served with summons, either personally, by mail, or by publication. Defendant further stated that it was his belief that a copy of the summons had been left at his place of former employment at a time when he had been absent from the state. Defendant's application further alleged that he had a good and valid defense to the plaintiff's petition and went on to pray that the trial court set aside and vacate the decree of August 1, 1980, and allow him to defend in the action. Defendant attached an answer and cross-petition to his application and asked in the prayer of that application that the answer and cross-petition be filed.

Plaintiff entered a general appearance to defendant's application on March 23, 1981. On April 28, 1981, plaintiff filed a demurrer to defendant's application on the grounds that it failed to state a cause of action and failed to state a reason authorized by law to justify the vacation of the decree.

A hearing was held pursuant to plaintiff's demurrer on May 20, 1981. The demurrer was sustained and defendant's application dismissed. The defendant now appeals from that action.

The only issue on appeal is whether the trial court acted correctly in sustaining the demurrer to defendant's application to vacate.

### I

■ Defendant argues that since the plaintiff's demurrer is deemed to admit the truth of the allegations set forth in the pleading to which it is addressed, *Southern Bond Co. v. Teel,* Okl., 550 P.2d 571 (1976); *Mobley v. State,* 198 Okl. 250, 177 P.2d 503 (1947), and since one of the facts pleaded was a failure to serve the defendant with summons, the trial court erred in sustaining the demurrer. This argument has substantial merit.

Plaintiff's demurrer to defendant's application stated that the application failed to state a cause of action and failed to state a reason authorized by law to justify the vacation of the original decree. In *Rice v. Rice,* Okl., 603 P.2d 1125 (1979), the court stated that a divorce decree may only be vacated pursuant to one of the provisions contained in 12 O.S.1971 § 1031, unless it is a void judgment. In the case of *Smaller v. Smaller,* Okl.App., 635 P.2d 1341 (1981), it was stated that the irregularities mentioned in 12 O.S.1971 § 1031 subd. 3, which would authorize the vacation of a decree are such as concern a serious jurisdictional defect, such as lack of service. On its face defendant's application clearly sets forth facts establishing a lack of service. We find that defendant's application stated both a cause of action and a reason authorized by law which would justify the vacation of the divorce decree entered August 1, 1980.

■ We further find that defendant's pleading styled "Application to Vacate Decree of Divorce," which was verified and filed on March 3, 1981, and a copy of which was served with summons on the plaintiff on March 11, 1981, substantially complied with the requirements of 12 O.S.1971 § 1031 *et seq.,* so as to give the trial court jurisdiction to entertain the motion to vacate. This pleading stated a proper ground for vacating the decree in question, was verified, and summons was properly served.

*Hawkins v. Hurst,* Okl., 467 P.2d 159 (1970); *Allen v. Allen,* 201 Okl. 442, 209 P.2d 172 (1948), *cert. denied* 336 U.S. 956, 69 S.Ct. 891, 93 L.Ed. 1110 (1949).

### II

On appeal plaintiff counters defendant's argument by propounding four grounds upon which the action of the trial court should be upheld.

The first proposition, supported by numerous citations, is to the effect that defendant has entered a general appearance in the trial court by including in his application the request that he be allowed to defend in the action. The reasoning of the cases cited and relied upon by plaintiff is best exemplified by this statement by Justice Brandeis in the case of *Geo. O. Richardson Machinery Co. v. Scott,* 276 U.S. 128, 48 S.Ct. 264, 72 L.Ed. 497 (1928):

"Since the founding of the state, it has been the settled law of Oklahoma that, where a person against whom a judgment is rendered files a petition to vacate the judgment upon the ground that the court had no jurisdiction of the defendant, and the petition is based also on nonjurisdictional grounds, ... the filing of the petition operates as a voluntary general appearance, with the same effect as if such appearance had been made at the trial...." (footnote omitted).

Plaintiff reasons that the request that defendant be allowed to defend in the action amounted to the raising of a nonjurisdictional question and therefore the application itself waived the jurisdictional question and formed a proper basis upon which to sustain plaintiff's demurrer.

A most lucid analysis of the reasoning necessary to determine whether a motion to vacate contains both jurisdictional and nonjurisdictional grounds, so as to constitute a general appearance, is presented in *Mobley,* 177 P.2d at 508, where it was stated:

"It is evident that the non-jurisdictional ground which effects the general appearance is a *challenge of the judgment* by reason of something in the proceed-

ings which is deemed to make it erroneous. And the underlying principle is that by invoking the jurisdiction of the court to consider the judgment for want of merit he voluntarily becomes a party and must win or lose according to whether his contention is or is not good as determined by the court." (emphasis added).

In *Mobley* the defendant had filed a petition to vacate which alleged that a judgment in a foreclosure action, conducted upon the relation of the Commissioners of the Land Office, was void as to her, as the court had not acquired jurisdiction of her person. Her petition prayed that the court vacate the judgment and grant her the right to pay off the indebtedness of the property and be subrogated to the rights of the plaintiff. Additionally, the defendant had attached to her petition to vacate an answer to the plaintiff's petition which admitted the facts in plaintiff's petition, offered to pay the amount due the plaintiff, and prayed that she be decreed the right of subrogation to the right, title, and interest of plaintiff in the real estate. The Supreme Court of Oklahoma held that the trial court erred in sustaining a demurrer to defendant's petition on the ground that defendant had included nonjurisdictional material therein when there was nothing inconsistent between the defendant's prayer and her underlying jurisdictional attack on the original judgment.

■■■ In the present case, as in *Mobley, supra,* the defendant is requesting that the original judgment be vacated and a new determination of the respective rights of the parties be made. As in *Mobley,* this is not inconsistent with the denial of the trial court's jurisdiction over the defendant as regards the original judgment. The cases relied upon by the plaintiff deal with motions to vacate a judgment on two or more grounds, only one of which is jurisdictional. Arguing a nonjurisdictional reason for vacating a judgment acts as a general appearance and waives the question of jurisdiction. This waiver binds the pleading party to the judgment as though they had appeared at trial.

The primary distinction between the cases relied upon by plaintiff and this case seems apparent. Defendant in this case did not propound more than one ground by reason of which the divorce decree should be vacated. He attacked it solely on jurisdiction. He pled that he did have a valid defense, apparently to satisfy 12 O.S.1971 § 1035, which provides:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

As will later be discussed in this opinion, such a recitation of a valid defense is not necessary in a motion to vacate for lack of service. However, this recitation that defendant had a valid defense was not set forth as grounds for vacating the decree. It was merely an allegation by which a trial judge would know that vacating the decree, if warranted by the evidence, would not otherwise be pointless. Defendant did not specify what that good and valid defense was, but merely indicated that it was set forth in his answer and cross-petition, which he attached to his application as Exhibit "B". The prayer of the application requests that his answer and cross-petition be filed. Defendant sought no relief in his application, other than that the divorce decree be vacated for lack of jurisdiction. Contingent upon the court vacating the decree defendant sought to file the answer and cross-petition. Defendant's attaching the answer and cross-petition for filing, if the decree was vacated, was actually likely to save the parties and the court from additional delay. This is a commendable practice for which defendant should not be penalized. The court in *Mobley,* 177 P.2d at 510 seemed to address that very matter when it stated:

"Where, on petition to vacate the terms of the statute are complied with, the court is empowered to grant full relief.

Hence, to hold that by further seeking in the petition a measure of relief which coincident with the vacation of the judgment the defendant, as a matter of law, is entitled to seek in that court, or that she, by offering to do that which the court could require to be done as a condition precedent to the vacation of the judgment, is to be deemed to have waived her right to challenge the judgment would, in effect, not only place a premium on incongruity but would make a pitfall and snare of a statute designed to effectuate justice."

The case cited by plaintiff which is closest on the questions here involved is the case of *Burnett v. Clayton,* 123 Okl. 156, 252 P. 397 (1926), in which the defendant filed a motion to vacate on the grounds of lack of service and included in her motion to vacate a specific recital of the defense and a request that she be given her day in court to make her defense to plaintiff's cause of action. This case fails to support the present plaintiff's contentions. In *Burnett* the plaintiff filed a demurrer to the defendant's motion which was overruled and testimony was then taken on the merits of the motion, at which time the motion was overruled. The defendant appealed and the court ruled that defendant, by seeking an adjudication of her defense at the hearing on motion to vacate, had entered a general appearance and was therefore bound by the trial court's ruling on the motion to vacate. In the present case defendant, by his motion to vacate, did not seek an adjudication of any defense, only an adjudication of the jurisdictional question of lack of service. Further, in the present case, there has been no ruling on the merits of the motion to vacate.

In view of the parallel between the situation in the present case and that in *Mobley v. State, supra,* we find that the application itself did not waive the jurisdictional question. The demurrer was not sustainable on this basis.

### III

Plaintiff next contends that the demurrer was properly sustained on the ground that defendant did not show a valid defense to the plaintiff's action as required by 12 O.S.1971 § 1035. This contention was answered by the court in *Burnett v. Clayton, supra,* the case relied upon by plaintiff for his first proposition. In the second syllabus in *Burnett* the Court plainly stated:

"It is unnecessary for the motion to vacate, based on extrinsic evidence of no service of process and unauthorized appearance, to show a meritorious defense to plaintiff's action."

This holding was reaffirmed in the case of *Jones v. Norris,* 176 Okl. 434, 55 P.2d 984 (1936). In view of the fact that defendant's attack on the judgment was based on the very point addressed in *Burnett,* plaintiff's contention is without merit.

### IV

Plaintiff's third contention is that the demurrer was properly sustained for the reason that defendant failed to present evidence corroborating the allegations presented in his application regarding the lack of service. This contention is also without merit. A demurrer is deemed to admit the truth of the allegations in the pleading to which it is addressed. *Mobley v. State, supra.* By choosing to demur to defendant's application plaintiff rendered this argument moot.

### V

Plaintiff's final contention is that the trial court's action on the demurrer should be upheld because of the public policy favoring protection of the integrity of the judgment and the sanctity of the judgment roll. These arguments will have greater merit if made to the judicial body which will rule upon the question of whether the divorce decree should be vacated— the trial court. And, on review, these considerations must be given great weight. However, in the present case, there are considerations of at least equal weight to be dealt with. The first consideration is that default judgments as a general rule are not looked upon with favor. *Singleton v. Le-*

*Pak,* Okl., 425 P.2d 974 (1967). The second and more important consideration, was addressed in *Jones,* 55 P.2d at 985, where it was stated:

"If the lack of jurisdiction had been apparent from the record, the judgment against the defendant not before the court would have been void and subject to attack at any time. It appearing from the record that this defendant had been served with process in order to give the court jurisdiction over her, she had a right, under the declared law of this state, at any time within three years from the date of the judgment to enter her special appearance and ask for relief by motion to vacate the judgment, and was entitled to be heard by the court with such evidence as she might have in support of her contention that she had never been served with summons. The law places a heavy burden upon the movant in such cases to overcome the presumption that the officer's return of service is correct; nevertheless, the movant is entitled to be heard."

The sanctity of the judgment roll in this case weighs less heavily than the right of the defendant to be heard on his contention that he had not been served with summons.

This case is reversed and remanded with directions to the trial court to overrule plaintiff's demurrer and to hear the evidence of the parties upon the contentions made by the defendant's application to vacate and to determine therefrom whether defendant is entitled to the relief requested.

DeMIER, J., concurs, and BRIGHTMIRE, P.J., concurs in result.

BRIGHTMIRE, Presiding Judge, concurring in result.

I agree the demurrer should have been overruled. If no service was had on defendant then the decree was an absolute nullity and subject to either direct or collateral attack at anytime. *Lowry v. Semke,* Okl., 571 P.2d 858 (1977); *Condit v. Condit,* 66 Okl. 215, 168 P. 456 (1917). Of course, if affirmative relief is sought, then the movant has submitted himself to the jurisdiction of the court and service of summons becomes unnecessary. But the movant is still entitled to a day in court before a valid judgment can be rendered against him.